**MODIFY, REFORM, and AFFIRM; and Opinion Filed August 29, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-12-00586-CR**
_____

**TIMOTHY MANIMOI, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F08-59321-Y**

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore

Opinion by Justice O'Neill

After placing appellant Timothy Manimoi on deferred-adjudication probation, the trial court granted the State's motion to proceed with an adjudication of guilt, adjudicated appellant guilty, and sentenced him to five years in prison. Appellant appeals the trial court's judgment asserting (1) the judgment should be reformed to properly reflect the trial court proceedings, and (2) the evidence is insufficient to support the trial court's order that he pay court costs. For the following reasons, we reform the judgment and affirm the judgment, as reformed.

After the trial court placed appellant on deferred adjudication probation, the State filed a motion to proceed with an adjudication of guilt. In its motion, the State alleged appellant violated the terms and conditions of his probation by (1) committing the offenses of unlawful carrying of a weapon and possession of marijuana, (2) failing to pay court costs and court-appointed attorney fees, (3) failing to pay probation fees, (4) failing to pay Crime Stoppers fee,

and (5) failing to pay urinalysis fees. Appellant pleaded not true to the allegations in the State's motion to adjudicate. Following a hearing, the trial court found the allegations in the State's motion true, revoked appellant's probation, and sentenced him to prison.

In his first point of error, appellant contends we should reform the judgment to show there was no plea bargain agreement. The trial court's judgment erroneously recites there was a plea bargain for five years' confinement. However, appellant did not plead true and there was no agreement about punishment. The State concedes reformation is appropriate. Consequently, we reform the judgment to show "N/A" following "Terms of Plea Bargain." See Tex. R. App. P. 43.2(b); *Bigley v. State,* 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State,* 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd). We sustain appellant's first point of error.

In his second point of error, appellant contends we should reform the judgment to properly reflect the probation conditions the trial court found he violated. The record contains two motions to adjudicate, the first of which was withdrawn by the State. The second motion filed in October 2011 alleged appellant violated conditions (a), (h), (j), (k), and (n) of his probation. The trial court found the allegations true.

The trial court's judgment recites that appellant violated the terms and conditions of his community supervision, "as set out in the State's ORIGINAL Motion to Adjudicate Guilt: See attached Motion to Adjudicate Guilt." However, no motion to adjudicate is attached to the judgment. Again, the State concedes reformation is appropriate. Therefore, we reform the judgment to show the trial court found appellant violated conditions (a), (h), (j), (k), and (n) as alleged in the State's October 2011 motion. *See Bigley*, 865 S.W.2d at 27-28; *Asberry,* 813 S.W.2d at 529-30.

In his third point of error, appellant claims we should reform the trial court's judgment to delete the requirement that he pay court costs because the clerk's record does not contain a bill of costs. Following submission of this case, we ordered the Dallas County District Clerk to prepare and file a supplemental clerk's record containing a detailed itemization of the costs and fees assessed in this case along with an explanation of any abbreviations used to define the costs and fees. See TEX. CODE CRIM. PROC. ANN. arts. 103.001, .006 (West 2006). The Dallas County District Clerk has complied with our order by filing a signed and certified supplemental clerk's record containing the itemization of the costs assessed in this case. Because the record now contains a bill of costs supporting the assessment of costs in the judgment, appellant's complaint is moot. *See Coronel v. State,* ___ S.W.3d ___, 2013 WL 3874446, * 4 (Tex. App.—Dallas 2012, no pet. h.); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule appellant's third point of error.

We reform the trial court's judgment as specified above, and affirm the judgment, as reformed.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120586F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TIMOTHY MANIMOI, Appellant

No. 05-12-00586-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F08-59321-Y.
Opinion delivered by Justice O'Neill.
Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1) The recitation of "5 YEARS TDC" following "Terms of Plea Bargain" is deleted and replaced with "N/A."

(2) The recitation that "Defendant violated the terms and conditions of community supervision "as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows:  See attached Motion to Adjudicate Guilt" is deleted and replaced with "Defendant violated conditions (a), (h), (j), (k), and (n) as alleged in the States' October 2011 motion to adjudicate."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 29th day of August, 2013.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

–4–