**MODIFY and AFFIRM; and Opinion Filed October 22, 2013.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-12-00735-CR**

**No. 05-12-00736-CR**

**ZAKIR SHAIKH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-00307-J & F11-00479-J**

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice Fillmore

Zakir Shaikh pleaded guilty, without an agreement on punishment, to misapplication of fiduciary property in the amount of at least $100,000 but less than $200,000, and theft of property in the amount of at least $1,500 but less than $20,000. The trial court found Shaikh guilty of both charges and assessed punishment at five years' imprisonment on the misapplication of fiduciary property offense and two years' imprisonment on the theft offense. The trial court also ordered Shaikh to pay restitution of $186,631.45 in the misapplication of fiduciary property case and $4,051.76 in the theft case as well as $244 in court costs in each case. In four issues, Shaikh argues the trial court abused its discretion by ordering Shaikh to pay restitution in each case because the amounts of restitution ordered do not have a factual basis in the record and that there is insufficient evidence to support the trial court's order that Shaikh pay

court costs. In our memorandum opinion of July 3, 2013, we resolved Shaikh's first two issues in his favor, set aside the trial court's restitution orders, abated these appeals, and ordered the trial court to conduct a hearing to determine the proper amounts of restitution.

On September 5, 2013, we reinstated the appeals. We have received a supplemental reporter's record of the hearing conducted by the trial court and a supplemental clerk's record containing the trial court's order that Shaikh pay restitution of $185,503.43 in the misapplication of fiduciary property case and $4,051.76 in the theft case. Although we provided Shaikh an opportunity to file a supplemental brief to raise any alleged error committed by the trial court during the hearing to determine the proper amounts of restitution, Shaikh has not done so. Accordingly, we modify (1) the trial court's judgment in cause number F11-00307-J to reflect that Shaikh is ordered to pay restitution of $185,503.43 in the misapplication of fiduciary property case, and (2) the trial court's judgment in cause number F11-00479-J to reflect that Shaikh is ordered to pay $4,051.76 in restitution on the theft offense. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

In his third and fourth issues, Shaikh requests we reform the trial court's judgments to delete the requirement that he pay court costs because the clerk's record in each case does not contain a bill of costs. If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West. 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id.* art. 103.001.

The clerk's records in this appeal did not contain copies of the bills of costs and Shaikh's designations of record on appeal do not request that a copy of the bills of costs be included in the records. In light of Shaikh's specific complaint that the clerk's records did not contain bills of costs, we ordered the Dallas County District Clerk to file supplemental clerk's records containing the certified bill of costs associated with each case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted). Shaikh's complaints that the evidence is insufficient to support the imposition of costs because the clerk's records do not contain bills of costs are now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, no pet. h.) (citing *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas, 2013, no pet.). We resolve Shaikh's third and fourth issues against him.

In response to the Court's order requiring supplementation of the records, Shaikh filed a motion in which he objects that the bill of costs in each supplemental clerk's record is not a "proper bill of costs" and that neither bill of costs was filed in the trial court or brought to the trial court's attention before costs were entered in the judgment.

With respect to his first objection, Shaikh argues the bill of costs in each record is not a "proper bill of costs" because it is an "unsigned, unsworn computer printout." The code of criminal procedure requires only that a bill of cost be certified and signed "by the officer who charged the cost or the officer who is entitled to receive payment for the cost," "stating the costs that have accrued" if the cause is appealed. TEX. CODE CRIM. PROC. ANN. art. 103.001, .006. Here, the district clerk provided a "Bill of Costs Certification" containing the costs that have accrued to date in each case; it is certified and signed by the district clerk. We conclude the supplemental records filed by the clerk meet the mandate of the code of criminal procedure. *See Coronel*, 2013 WL 3874446, at *4.

With respect to his second objection, Shaikh argues there is no indication the bill of costs in each case was filed in the trial court or brought to the trial court's attention before costs were entered in the judgments. However, there is no requirement that a bill of costs be presented to the trial court at any time before judgment. *Id.* at *5. We deny Shaikh's motion objecting to the supplemental records.

Finally, we note that in his original brief and his objection to the bills of costs, Shaikh does not challenge the propriety or legality of the specific costs assessed; therefore, we do not address these matters.

The trial court's judgment is affirmed as modified.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120735F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ZAKIR SHAIKH, Appellant

No. 05-12-00735-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas,
Trial Court Cause No. F11-00307-J.
Opinion delivered by Justice Fillmore,
Justices O'Neill and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section of the trial court's judgment entitled "Restitution" is modified to state $185,503.43.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 22nd day of October, 2013.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ZAKIR SHAIKH, Appellant

No. 05-12-00736-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas,
Trial Court Cause No. F11-00479-J.
Opinion delivered by Justice Fillmore,
Justices O'Neill and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section of the trial court's judgment entitled "Restitution" is modified to state $4,051.76.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 22nd day of October, 2013.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE