**MODIFY and AFFIRM; and Opinion filed October 30, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01689-CR
No. 05-12-01690-CR
No. 05-12-01691-CR
No. 05-12-01692-CR

**THOMAS JAMES BARRY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-48211-U, F12-48300-U, F12-48299-U, F12-48304-U**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Fillmore

Thomas James Barry was convicted of three theft offenses and one credit card abuse against an elderly person offense. *See* TEX. PENAL CODE ANN. §§ 31.03(a), 32.31(b) (West 2011). The trial court assessed punishment at ten years' imprisonment and a $1,000 fine on each theft conviction and twenty years' imprisonment and a $1,000 fine on the credit card abuse conviction. The trial court's judgments also include orders that Barry pay $244 in court costs. In four issues, Barry contends the evidence is insufficient to support the trial court's order that he pay court costs. We modify the trial court's judgments and affirm as modified.

COURT COSTS

Barry contends the evidence is insufficient in each case to support the trial court's order that he pay $244 in court costs because the clerk's record does not contain bills of costs. The State responds that the records contain sufficient evidence to support of a portion of the court costs assessed.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have been accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's records in these cases initially did not contain the bills of costs. We, however, ordered the Dallas County District Clerk to file supplemental records containing certified bills of costs associated with these cases, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted). Barry's complaints that the evidence is insufficient to support the imposition of costs because the clerk's records did not contain bills of costs are now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, no pet. h.); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule his four issues.

In response to the Court's order requiring supplementation of the records, Barry filed an objection that the bills of costs in the supplemental records are not "proper bill[s] of costs" and

the bills of costs were not filed in the trial court or brought to the trial court's attention before costs were entered in the judgments. We reject both arguments.

Barry first contends that the bills of costs in the record are not "proper bill[s] of costs" because they are "unsigned, unsworn computer printout[s]." Barry acknowledges the district clerk has certified that the documents constitute costs that have accrued to date," but says this does not "set out the costs as required by statute." The code of criminal procedure requires only that a bill of costs be certified and signed "by the officer who charged the cost or the officer who is entitled to receive payment for the cost," "stating the costs that have accrued" if the cause is appealed. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001, .006. Here, in each case, the district clerk provided a "Bill of Costs Certification" containing the costs that have accrued to date in the respective cases, and the documents are certified and signed by the district clerk. Because the documents meet the mandate of the code of criminal procedure, we conclude Barry's argument that the bills of costs are not "proper" lacks merit. *See Coronel*, 2013 WL 3874446, at *4.

Barry further argues there is no indication the bills of costs were filed in the trial court or brought to the trial court's attention before costs were entered in the judgments. However, there is no requirement that a bill of costs be presented to the trial court at any time before judgment. *See id.* at *5. We overrule Barry's objection to the supplemental record.

Finally, we note that in his original brief and his objection to the bills of costs, Barry does not challenge the propriety or legality of the specific costs assessed; therefore, we do not address these matters.

MODIFICATION OF JUDGMENTS

The records show the trial court assessed a $1,000 fine in each case. However, the judgments in cause nos. 05-12-01690-CR, 05-12-01691-CR, and 05-12-01692-CR incorrectly

omit the fine. We modify the judgments to include the $1,000 fine. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref d).

The records also show that in each case Barry entered open guilty pleas without plea bargains. The judgments, however, incorrectly recite terms of plea bargains. We modify each judgment to show the terms of plea bargain were "open." *See id.*

Additionally, the judgment in cause no. 05-12-01689-CR incorrectly identifies the statute addressing the offense for which Barry was convicted. Barry was convicted of theft of property valued at $1,500 or more but less than $20,000 pursuant to section 31.03 of the penal code. The judgment, however, incorrectly identifies the statute as "31.07 Penal Code." We modify the judgment to show the statute for the offense is "31.03 Penal Code." *See id.*

CONCLUSION

In cause no. 05-12-01689-CR, we modify the trial court's judgment to show the statute for the offense is "31.03 Penal Code" and the terms of plea bargain were "open." As modified, we affirm the trial court's judgment.

In cause nos. 05-12-01690-CR, 05-16-01691-CR, and 05-12-01692-CR, we modify the trial court's judgments to show the terms of plea bargain were "open" and to include the $1,000 fine. As modified, we affirm the trial court's judgments.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121689F.U05

-4-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THOMAS JAMES BARRY, Appellant

No. 05-12-01689-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F12-48211-U).
Opinion delivered by Justice Fillmore,
Justices Bridges and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Statute for Offense" is modified to show "31.03 Penal Code."

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered October 30, 2013.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

-5-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THOMAS JAMES BARRY, Appellant

No. 05-12-01690-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District Court of Dallas County, Texas (Tr.Ct.No. F12-48300-U).
Opinion delivered by Justice Fillmore, Justices Bridges and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

The section entitled "Fine" is modified to show "$1000."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered October 30, 2013.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THOMAS JAMES BARRY, Appellant

No. 05-12-01691-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District Court of Dallas County, Texas (Tr.Ct.No. F12-48299-U).
Opinion delivered by Justice Fillmore, Justices Bridges and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

The section entitled "Fine" is modified to show "$1000."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered October 30, 2013.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THOMAS JAMES BARRY, Appellant

No. 05-12-01692-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F12-48304-U).
Opinion delivered by Justice Fillmore,
Justices Bridges and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

The section entitled "Fine" is modified to show "$1000."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered October 30, 2013.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE