**Modified, Affirmed as modified, and Opinion Filed November 6, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00925-CR

**BILLY LUFTHANSA BARNES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F12-22227-Y**

## MEMORANDUM OPINION
Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Francis

Billy Lufthansa Barnes appeals his conviction for theft of property valued less than $1500 enhanced by two prior convictions for theft. After finding him guilty, the jury assessed punishment, enhanced by a prior conviction, at four years in prison. In a single issue, appellant contends the evidence is insufficient to support the trial court's judgment that appellant pay $239 in court costs because the clerk's record does not contain a bill of costs. We affirm.

The clerk's record in this case did not contain a copy of the bill of costs and appellant's designation of record on appeal did not specifically request that a copy of the bill of costs be included. Because appellant complained that the clerk's record did not contain a bill of costs, we ordered the Dallas County District Clerk to file a supplemental record containing the certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1). To

the extent appellant complains the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs, this complaint is moot. *See Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule his sole issue.

In response to the Court's order requiring supplementation of the record, appellant filed two objections that the bill of costs in the supplemental clerk's record is not a "proper bill of costs" and was not filed in the trial court or brought to the trial court's attention before costs were entered in the judgment.

We previously have addressed these issues. *See Coronel v. State*, 05-12-00493-CR, 2013 WL 3874446, at *4–5 (Tex. App.—Dallas July 29, 2013, no pet. h.). In *Coronel*, we concluded the "Bill of Costs Certification," certified and signed by the district clerk, was sufficient to meet the mandate of the code of criminal procedure. *Id*. at *4. In this case, the supplemental record contains a Bill of Costs Certification, certified and signed by the district clerk, listing the costs associated with this case. Because this document meets the mandate of the code of criminal procedure, we overrule appellant's objection that the bill of costs is not "proper."

In his second complaint, appellant argues there is no indication the bill of costs was filed in the trial court or brought to the trial court's attention before costs were entered in the judgment. In *Coronel*, we noted that nothing in the code of criminal procedure or the statutes addressing the assessment of costs against defendants requires that a bill of costs be presented to the trial court at any time before judgment. *Id*. at *5. We concluded that court costs are mandated by statute and "are not subject to approval or authorization by the trial court. Likewise, the code does not require the bill of costs be filed at the time the trial court signs the judgment of conviction [but] only requires a bill of costs be produced if a criminal case is appealed or costs are collected." *Id*. Because there is no requirement that the costs be presented

to the trial court, we conclude appellant's second objection to the supplemented record lacks merit. We overrule his objections to the supplemented record.

Finally, the judgment in this case contains an incorrect recitation regarding the enhancement paragraph. The judgment contains "N/A" on the plea and finding; however, the record shows appellant pleaded not true to the allegation of a prior felony conviction and the jury found the allegation to be true and assessed punishment in the enhanced range. We modify the judgment in this cause to reflect a plea of "not true" and a finding of "true" to the first enhancement paragraph. *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (appellate court has authority to correct trial court's judgment when it has necessary data and information to do so).

As modified, we affirm the trial court's judgment.


/Molly Francis/
MOLLY FRANCIS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

120925F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BILLY LUFTHANSA BARNES, Appellant

No. 05-12-00925-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F12-22227-Y.
Opinion delivered by Justice Francis,
Justices FitzGerald and Myers participating.

We **MODIFY** the trial court's judgment to reflect a plea of "not true" and a finding of "true" to the first enhancement paragraph. Based on the Court's opinion of this date, the judgment of the trial court, as modified, is **AFFIRMED**.


Judgment entered this 6th day of November, 2013.


/Molly Francis/
MOLLY FRANCIS
JUSTICE