**Affirmed and Filed July 29, 2013**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-12-00493-CR

**ISRAEL CORONEL, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

On Appeal from the 283rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F09-60181-T

## OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice Francis

Israel Coronel appeals his conviction for the aggravated sexual assault of A.R., a child younger than fourteen years old. After finding him guilty, the jury assessed punishment at fifty years in prison. The trial court's judgment also orders appellant to pay $242 in court costs. In three issues, appellant claims the trial court erred by allowing certain testimony to be read to the jury, allowing a juror to use her notes during deliberations, and ordering appellant to pay court costs. We affirm.

Appellant is the father-in-law of two of A.R.'s aunts. When A.R. was five years old, she was taken to appellant's house to be babysat. While she was watching television, appellant motioned for her to come to him in the bedroom. She walked to appellant, and he closed the door. He removed her pants and underwear. Appellant placed her on the bed, and, after putting

a condom on his penis, held her down and placed his penis in her vagina. A.R. fought and cried for him to stop; she testified it hurt, and she could not breathe. Appellant finally stopped, removed the condom, and zipped his pants. He wiped A.R. with a towel because she was bleeding. A.R. testified appellant spoke to her but she could not understand him because she does not speak Spanish. She did not tell anyone about the incident until she was eleven or twelve years old when she told her cousin, Angelica, and her aunt, Esther. She also told her stepmother. After hearing this, along with other evidence, the jury convicted appellant of aggravated sexual assault of A.R., a child younger than fourteen years old, and sentenced him to fifty years in prison.

In his first issue, appellant contends the trial court erred by allowing certain testimony to be read back to the jury during deliberations. Appellant claims this was error because the jury did not have a disagreement about the testimony.

Article 36.28 provides a witness's testimony may be read back to the jury "if the jury disagree[s] as to the statement of any witness." TEX. CODE CRIM. PROC. ANN. art. 36.28 (West 2006). Only "that part of such witness testimony or the particular point in dispute, and no other" may be read to the jury. *Id*. When the jury asks that certain testimony be read back, the trial court must first determine if the request is proper under article 36.28; a simple request for testimony does not alone reflect disagreement, implicit or express, and is not a proper request. *Howell v. State*, 175 S.W.3d 786, 790 (Tex. Crim. App. 2005). The request must reflect the jurors disagree about a specified part of testimony. *Id*.; *Robison v. State*, 888 S.W.2d 473, 481 (Tex. Crim. App. 1994). The trial court's conclusion as to whether there is a factual dispute between the jurors is reviewed for an abuse of discretion. *Howell*, 175 S.W.3d at 790. A trial

court abuses its discretion when the decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *Id.*

In this case, the jury sent out a note stating, "The prosecutor referred to 2005 several times. What was relevant about 2005?" The trial court responded, informing the jury that "the law does not allow a general re-reading of the testimony and that they must be in dispute." Along with this instruction, the trial court sent a form to complete if the jury was in dispute. Later, the jury used the form to request the testimony of three witnesses: Esther, Angelica, and A.R. At this time, the trial court had the jury return to the courtroom where he instructed the jurors that they could not have a transcript of the testimony unless they were in dispute. The trial court's instruction was detailed, specific, and clear. It concluded with the following:

> Go take your break. When you come back, if you can be more specific and say, "We need [A.R.'s] testimony concerning this issue," or "We need Esther's testimony concerning whatever your concern is."
> But you have to be in disagreement about what a witness said. You have to tell me which witness you're in disagreement about and the subject matter of the disagreement.

The jury returned and continued deliberations. At some point, a third note was sent requesting A.R.'s testimony about (1) who lived or stayed at appellant's house at the time of her assault and (2) her outcry statement to her aunt and stepmother. The trial court provided to the jury only those portions of the record addressing these specific questions. Appellant objected. In overruling his objection, the trial court noted that although the "magic words 'we're in dispute'" were not in the note, it was clear the jurors were in dispute. Appellant assigns this ruling as error, citing *Moore v. State*, 874 S.W.2d 671 (Tex. Crim. App. 1994).

In *Moore*, the jury sent out a note requesting the testimony of three witnesses regarding a particular topic. *Id.* at 672. Although Moore requested that the trial court inform the jurors they must certify there was a dispute as to that particular portion of the testimony, the trial court

refused to do so and, without inquiring or instructing about disputed testimony, ordered the court reporter to read the portions of the requested testimony to the jury. *Id.* The trial court in *Moore* made no affirmative effort to determine if there was a dispute about the requested testimony, much less what the dispute was; furthermore, the trial court did not instruct the jury that a dispute was required before testimony could be read back. *Id.* Under these circumstances, the court of criminal appeals concluded the trial court abused its discretion by reading the testimony without determining if a disagreement existed. *Id.* at 674.

The facts in this case are distinguishable from those in *Moore*. Here, the jury made several separate requests for certain testimony. The trial court in this case clearly informed the jury that testimony would be read back only in the event of a dispute. First, the trial court sent a note telling the jury testimony could not be reread unless there was a dispute. When the jury again asked for certain testimony, the trial court had the jury return to the courtroom where the jurors were again told there had to be a disagreement and that their request for testimony had to be specific. The trial court stated, "You have to be in disagreement about what a witness said. You have to tell me which witness you're in disagreement about and the subject matter of the disagreement." Following this instruction, the jury's requests were more specific and narrow in scope. Considering the specificity of the jury's last note along with previous notes from the jury and the specific instructions from the trial court that the jury had to be in disagreement, we conclude the trial court did not abuse its discretion by inferring a disagreement among the jury regarding the requested testimony and allowing it to be read back to the jury. *See Robison*, 888 S.W.2d at 481 (trial court was properly cautious in observing competing concerns of article 36.28); *see also Howell*, 175 S.W.3d at 792 (finding no abuse of discretion when judge made

4

"affirmative effort to determine if there was a dispute about the requested testimony"). We overrule appellant's first issue.

In his second issue, appellant contends the trial court abused its discretion by allowing a juror to use her notes during deliberations without further instruction. Appellant claims he requested the trial court provide further instruction to the juror who reviewed her notes and that by refusing to do so, the trial court reversibly erred.

The decision to allow jurors to take notes during trial or to use such notes during deliberations is left to the discretion of the trial court. *Johnson v. State,* 887 S.W.2d 957, 958 (Tex. Crim. App. 1994). We do not disturb the trial court's decision absent an abuse of discretion. *See Hubbard v. State*, 892 S.W.2d 909, 910–11 (Tex. Crim. App. 1995). There is no statutory prohibition against allowing jurors to consult notes during deliberation. *See Johnson*, 887 S.W.2d at 958; *Price v. State*, 887 S.W.2d 949, 953 (Tex. Crim. App. 1994) (detailing recommended steps for trial court to avoid "inherent risks of note-taking").

The jurors were allowed to take notes during trial. During deliberations, the jury foreman sent a note that read, "May we (1 juror) individually review our notes? Privately not in the group." The trial court allowed the juror to exit the jury deliberation room and, outside the presence of the remaining eleven jurors, review her notes. Although a contemporaneous record of the event does not appear in our record, the following morning, the trial court allowed appellant to make his objection for the record. Specifically, appellant objected the juror should not have been allowed to review her notes and argued the trial court should have instructed her that "she should not return to the jury room and tell others what her notes say, that she should use those notes for her own purpose and not for the purpose of leading others." The trial court overruled appellant's objections.

5

Although appellant now assigns this ruling as error, we cannot agree. Following voir dire, the trial court instructed the jurors about note-taking, stating they could take notes, but each juror's notes were for his or her own use and were not to be for fellow jurors' use. Appellant cites no authority, and our review has found none, in support of his contention he was entitled to have an additional instruction given to the individual juror who viewed her notes apart from the jury. Although the trial court in this case may not have been in full compliance with the suggested procedures set out in *Price*, the trial court admonished the jury on note-taking at the time it was impaneled and therefore substantially complied with the *Price* court recommendations. *See Price,* 887 S.W.2d at 954; *Hubbard,* 892 S.W.2d at 911. We cannot conclude the trial court abused its discretion. *See Hubbard,* 892 S.W.2d at 911.

Furthermore, the record does not show the trial court's complained of action probably affected his substantial rights. *See* TEX. R. APP. P. 44.2(b). There is no indication in the record to suggest the juror relied on her own notes instead of the testimony at trial. Nothing suggests the juror influenced the others or told them what her notes said. Nor is there anything in the record to show the jury's decision was a result of the juror's reliance on her own notes. Under these circumstances, we cannot conclude appellant has shown he was harmed. We overrule appellant's second issue.

In his third issue, appellant contends the evidence is insufficient to support the trial court's judgment that appellant pay $242 in court costs because the clerk's record does not contain a bill of costs.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs

6

may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's record in this case did not contain a copy of the bill of costs and appellant's three-page designation of record on appeal did not request that a copy of the bill of costs be included. In light of this and appellant's specific complaint that the clerk's record did not contain a bill of costs, we ordered the Dallas County District Clerk to file a supplemental record containing the certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted).

Appellant's complaint that the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs is now moot. *See Franklin v. State*, No. 05-12-00530-CR, 2013 WL 2446283, at *1 (Tex. App.—Dallas June 4, 2013, no pet. h.). We overrule his third issue.

In response to the Court's order requiring supplementation of the record, appellant filed two objections that the bill of costs in the supplemental clerk's record is not a "proper bill of costs" and the bill of costs was not filed in the trial court or brought to the trial court's attention before costs were entered in the judgment. For the reasons outlined below, we reject both arguments.

With respect to his first objection, appellant argues the bill of costs in the record is not a "proper bill of costs" because it is an "unsigned, unsworn computer printout." Appellant acknowledges the district clerk has certified that the "documents constitute costs that have accrued to date" but says this does not "set out the costs as required by statute." While the code

of criminal procedure requires a record to be kept, the code is silent on the form of such a record except to the extent it must be certified and signed "by the officer who charged the costs or the officer who is entitled to receive payment for the cost," "stating the costs that have accrued" if the cause is appealed. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001, .006. Here, the district clerk provided a "Bill of Costs Certification" containing the costs that have accrued to date in the appellant's case; it is certified and signed by the district clerk. Because it meets the mandate of the code of criminal procedure, we conclude appellant's objection that the bill of costs is not "proper" lacks merit.

With respect to his second complaint that there is no indication the bill of costs was filed in the trial court or brought to the trial court's attention before costs were entered in the judgment, nothing in the code of criminal procedure or the statutes addressing the assessment of costs against defendants requires that a bill of costs be presented to the trial court at any time before judgment.

Article 42.16 provides that the judgment shall "adjudge the costs against the defendant, and order the collection thereof as in other cases." TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). Court costs, as reflected in a certified bill of costs, are not part of the sentence, do not alter the range of punishment, and need not be orally pronounced or incorporated by reference in the judgment to be effective. *Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011). Costs are compensatory in nature and are a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Id.* In contrast, fines generally must be orally pronounced in the defendant's presence, are punitive, and are intended to be part of the convicted defendant's sentence. TEX. CODE CRIM. PROC. ANN. art. 42.03 (West Supp. 2012); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).

Costs are defined and mandated by statute; a bill of costs is a governmental record which documents those costs that have been assessed based on various factors including the crime for which the defendant is convicted, the procedural history of the defendant's case, and costs incurred in trying and convicting the defendant. *See, e.g.*, TEX. GOV'T CODE ANN. § 102.041 (West Supp. 2012); *see Allen v. State*, No. 06-12-00166-CR, 2013 WL 1316965, at *2 (Tex. App.—Texarkana Apr. 3, 2013, no pet.) (bill of costs certified by district clerk is governmental record, "merely a documentation of what occurred"). The costs listed in the bill of costs are not newly created; only the compilation of those costs is new. Further, unlike the statute governing the award of attorney fees, the statutes governing costs provide that a person convicted of an offense "shall pay" said costs without making any reference to the defendant's ability to pay. *See, e.g.*, TEX. GOV'T CODE ANN. §§ 102.021, .041 (West Supp. 2012); *cf.* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012) (explicitly conditions trial court's authority to order defendant to pay attorney fees on defendant's ability to pay).

In sum, court costs are mandated by statute; they are not discretionary and, therefore, are not subject to approval or authorization by the trial court. Likewise, the code does not require the bill of costs be filed at the time the trial court signs the judgment of conviction. The code only requires a bill of costs be produced if a criminal case is appealed or costs are collected. Because there is no requirement that the costs be presented to the trial court, we conclude appellant's second objection to the supplemented record lacks merit. We overrule his objections to the supplemented record.

Finally, we note that in his original brief and his two post-submission objections to the bill of costs, appellant does not challenge the propriety or legality of the specific costs assessed; therefore, we do not address these issues.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Publish
TEX. R. APP. P. 47
120493F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ISRAEL CORONEL, Appellant

No. 05-12-00493-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F09-60181-T.
Opinion delivered by Justice Francis,
Justices O'Neill and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered July 29, 2013


/Molly Francis/
MOLLY FRANCIS
JUSTICE