**AFFIRM and Opinion Filed September 30, 2013.**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-12-01047-CR**

**KENNETH WAYNE RAPER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-34700-S**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Lang-Miers

Kenneth Wayne Raper pleaded guilty to the charge of assault-family violence by impeding breath or circulation, enhanced by a prior conviction for assault-family violence. He asked the trial court to assess punishment. The court heard evidence, found appellant guilty, and sentenced appellant to ten years' imprisonment. Appellant raises two issues on appeal: (1) the trial court abused its discretion by admitting recordings of telephone calls from jail, and (2) the evidence is insufficient to support the award of court costs. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled. For the following reasons, we affirm the trial court's judgment.

In issue one, appellant argues that the trial court abused its discretion by admitting recordings of telephone calls made from jail because the calls were not properly authenticated. He contends that the State did not satisfy its burden to show he made the calls.

We review a trial court's decision to admit evidence for an abuse of discretion. A trial court does not abuse its discretion in admitting evidence if the court reasonably believes a reasonable factfinder could find the evidence was authenticated or identified. *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007). We will not reverse a trial court's ruling unless it "is so clearly wrong as to lie outside the zone within which reasonable persons might disagree." *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)).

Authentication is a condition precedent to admissibility. *See* TEX. R. EVID. 901(a). A proponent of evidence satisfies its burden to establish the authenticity of the evidence if the proponent produces "evidence sufficient to support a finding that the matter in question is what its proponent claims." *Id*. Rule 901(b) provides a list of non-exclusive methods for authenticating evidence. TEX. R. EVID. 901(b).

During the sentencing hearing, appellant testified on his own behalf and asked the trial court to place him on community supervision. On cross-examination, the State asked appellant about several telephone conversations it claimed appellant made from jail to his mother. Appellant denied speaking to his mother. The State questioned appellant about whether he tried to coach his fiance, also the complaining witness in this case, about how to testify. Appellant denied the claims.

In rebuttal, the State called its investigator to proffer recordings of telephone calls appellant made from jail to his mother. Before the investigator testified, however, the trial court required the State to play the recordings for appellant and his lawyer and also gave appellant the opportunity to clarify his former testimony if he desired. Appellant retook the witness stand and admitted that he had talked to his mother, but he persisted in his denial about having tried to influence the complaining witness's testimony.

The State then offered the telephone recordings through its investigator. Appellant objected that the investigator was not the proper person to authenticate the recordings, and the trial court overruled the objection. The investigator testified that appellant was assigned a unique identification number, called the AIS number, when he was booked into jail. Exhibit 12a is a report titled "Inmate Call Records" for the identification number assigned to appellant; it lists appellant's name, identification number, the number called, and the duration of the call. Exhibit 12 is a recording of the jail calls for appellant's AIS number. The trial court overruled appellant's objections.

Appellant argues that the State did not properly authenticate the recorded telephone calls because no one identified appellant's voice on the recordings, the investigator could not explain how the recording technology operated or stored the recordings, and the investigator could not testify how appellant used the AIS number to make the calls or that appellant was the person who used the AIS number to make the calls.

The trial court heard the recorded telephone calls and was in a position to compare the voice on the recordings to appellant's voice. *See* TEX. R. EVID. 901(b)(5) (authentication by voice identification). Additionally, the contents of the recorded conversations related to appellant, the complaining witness, and another witness. *See* TEX. R. EVID. 901(b)(4) (authentication through contents, substance taken in conjunction with circumstances). During the calls, the person who made the calls from jail referred several times to "Nicole," the name of the complaining witness in this case, "Rachel," another witness and the mother of appellant's children, child support appellant owed to Rachel, and appellant's lawyer. Based on this record, the trial court reasonably could have concluded that the calls were authenticated. As a result, we conclude that the trial court did not abuse its discretion by admitting the recordings over appellant's objection. We resolve issue one against appellant.

In issue two, appellant argues that the evidence is insufficient to support the award of court costs. At the time appellant filed his brief, the record did not contain the clerk's bill of costs, and appellant's designation of record on appeal did not request a copy of the bill of costs to be included. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, no pet. h.) (citing *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.)). We ordered the clerk to supplement the record, and he did so. Appellant's complaint that the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs is now moot. *See id.* We resolve appellant's second issue against him.

After the clerk supplemented the record with the bill of costs, appellant filed two objections. Appellant first argues that the bill of costs is not a "proper bill of costs" because it is an unsigned and unsworn computer printout and the code of criminal procedure requires the bill of costs to be certified and signed "by the officer who charged the costs or the officer who is entitled to receive payment for the cost," "stating the costs that have accrued" if the cause is appealed. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001, .006 (West 2006). The district clerk provided a "Bill of Costs Certification" containing the costs that have accrued to date in appellant's case, and it is certified and signed by the deputy district clerk. We conclude that the supplemental record filed by the clerk meets the mandate of the code of criminal procedure, and we resolve appellant's first objection against him. *See Coronel*, 2013 WL 3874446, at *4.

Appellant next objects to the supplemental clerk's record because it does not show that the bill of costs was filed in the trial court or brought to the trial court's attention before costs were included in the judgment. As we stated in *Coronel*, there is no requirement that a bill of costs be presented to the trial court at any time before judgment. 2013 WL 3874446, at *5. We resolve appellant's second objection to the supplemental record against him.

Having decided appellant's issues against him, we affirm the trial court's judgment.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.4

121047F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KENNETH WAYNE RAPER, Appellant

No. 05-12-01047-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-34700-S.
Opinion delivered by Justice Lang-Miers, Justices O'Neill and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of September, 2013.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE