**Affirmed and Opinion Filed November 12, 2013.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-12-01121-CR

## JOHN PAUL ROBINSON, Appellant
## V.
## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5
Dallas County, Texas
Trial Court Cause No. F10-64197-L

## MEMORANDUM OPINION
Before Justices Moseley, Lang, and Brown
Opinion by Justice Moseley

A jury convicted John Paul Robinson of aggravated sexual assault of a child. The trial court assessed punishment at twenty-five years' imprisonment. In a single issue, Robinson argues the evidence does not support the trial court's order that he pay $589 in court costs. Therefore, Robinson argues, the judgment should be reformed to delete the court costs. The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

Because the clerk's records did not contain a bill of costs, we ordered the Dallas County District Clerk to file supplemental records containing the certified bill of costs associated with this case. The clerk did so, filing two supplemental clerk's records. *See* TEX. R. APP. P. 34.5(c)(1) (allowing supplementation of clerk's record to include omitted relevant items).

Robinson makes two objections to the supplemental records. He first complains the clerk did not file a "proper bill of costs" because it is an unsworn, unsigned computer printout. While the code of criminal procedure requires a record be kept, it does not specify the form of the record except to state that it must be certified and signed "by the officer who charged the costs or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001, .006; *Coronel v. State,* No. 05–12–00493–CR, 2013 WL 3874446, at \*4 (Tex. App.— Dallas July 29, 2013, no pet.). The district clerk's supplemental record contains a "Bill of Costs Certification" containing the costs that have accrued to date; the documents are certified and signed by the clerk. Because the documents meet the mandate of the code of criminal procedure, we conclude Robinson's first objection that the bill of costs is not "proper" lacks merit. *See id.* at \*4.

Robinson also complains the record does not indicate the bill of costs was filed or brought to the trial court's attention before costs were entered. We previously addressed and overruled this argument in *Coronel*. *See id.* at \*5.

With the supplemental records containing the bill of costs now before us, we conclude Robinson's insufficient evidence complaint lacks merit. *See id*. at \*4-5; *Franklin v. State,* 402 S.W.3d 894, 894 (Tex. App.—Dallas 2013, no pet.). Accordingly, we overrule Robinson's sole issue.

We affirm the trial court's judgment.

/Jim Moseley/

JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
121121F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

JOHN PAUL ROBINSON, Appellant

No. 05-12-01121-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F10-64197-L.
Opinion delivered by Justice Moseley.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 12th day of November, 2013.


/Jim Moseley/
JIM MOSELEY
JUSTICE