**AFFIRMED; Opinion Filed November 27, 2013.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-13-00282-CR
No. 05-13-00284-CR

**SHAWN MARIE HART, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-56023-T, F12-51255-T**

## MEMORANDUM OPINION

Before Justices FitzGerald, Lang, and Fillmore
Opinion by Justice Lang

Shawn Marie Hart appeals her convictions, following the adjudication of her guilt, for prostitution, having three or more prior prostitution convictions. *See* TEX. PENAL CODE ANN. § 43.02(a)(1), (c)(2) (West Supp. 2013). The trial court assessed punishment at two years' confinement in state jail in each case, probated for three years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(f)(2) (West Supp. 2013). The trial court's judgments include orders that appellant pay $394 and $244 in court costs. In two issues, appellant contends the evidence is insufficient to support the trial court's orders that she pay court costs. We affirm the trial court's judgments.

Appellant contends the evidence is insufficient in each case to support the trial court's order that she pay $394 and $244 in court costs because the clerk's records do not contain bills of costs. The State responds that appellant should not be permitted to contest the amount of court costs imposed as a condition of her probation in one case, and the records contain sufficient evidence to support of a portion of the court costs assessed.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have been accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's records in these cases initially did not contain the bills of costs. We, however, ordered the Dallas County District Clerk to file supplemental records containing certified bills of costs associated with the cases, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted). Appellant's complaints that the evidence is insufficient to support the imposition of costs because the clerk's records did not contain bills of costs are now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, pet. filed); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule her two issues.

In response to the Court's order requiring supplementation of the records, appellant filed an objection that the bills of costs in the supplemental records are not "proper bill[s] of costs"

and the bills of costs were not filed in the trial court or brought to the trial court's attention before costs were entered in the judgments. We reject both arguments.

Appellant first contends that the bills of costs in the record are not "proper bill[s] of costs" because they are "unsigned, unsworn computer printout[s]." Appellant acknowledges the district clerk has certified that the documents constitute costs that have accrued to date," but says this does not "set out the costs as required by statute." The code of criminal procedure requires only that a bill of costs be certified and signed "by the officer who charged the cost or the officer who is entitled to receive payment for the cost," "stating the costs that have accrued" if the cause is appealed. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001, .006. Here, in each case, the district clerk provided a "Bill of Costs Certification" containing the costs that have accrued to date in the respective cases, and the documents are certified and signed by the district clerk. Because the documents meet the mandate of the code of criminal procedure, we conclude appellant's objection that the bills of costs are not "proper" lacks merit. *See Coronel*, 2013 WL 3874446, at *4.

Appellant further argues there is no indication the bills of costs were filed in the trial court or brought to the trial court's attention before costs were entered in the judgments. However, there is no requirement that a bill of costs be presented to the trial court at any time before judgment. *See id.* at *5. We overrule appellant's objection to the supplemental record.

We affirm the trial court's judgment.

/Douglas Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130282F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHAWN MARIE HART, Appellant

No. 05-13-00282-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 283rd Judicial District Court of Dallas County, Texas (Tr.Ct.No. F12-56023-T).
Opinion delivered by Justice Lang, Justices FitzGerald and Fillmore participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered November 27, 2013.

/Douglas Lang/
DOUGLAS S. LANG
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHAWN MARIE HART, Appellant

No. 05-13-00284-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 283rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F13-51255--T).
Opinion delivered by Justice Lang, Justices
FitzGerald and Fillmore participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered November 27, 2013.

/Douglas Lang/
DOUGLAS S. LANG
JUSTICE