**AFFIRMED; Opinion Filed November 27, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00631-CR

### ROYCE THOMPSON, JR., Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 363rd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F12-61533-W

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Evans
Opinion by Justice Evans

Royce Thompson, Jr. waived a jury and pleaded guilty to aggravated robbery with a deadly weapon. *See* TEX. PENAL CODE ANN. § 29.03(a) (West 2011). The trial court assessed punishment, enhanced by one prior felony conviction, at thirty years' imprisonment. The trial court's judgment also includes an order that appellant pay $244 in court costs. In a single issue, appellant contends there is insufficient evidence in the record to support the trial court's order that he pay court costs. We affirm the trial court's judgment.

Appellant contends the evidence is insufficient to support the trial court's judgment that he pay $244 in court costs because the clerk's record does not contain a bill of costs. The State

responds that the record contains sufficient evidence in support of a portion of the costs assessed by the trial court's order.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have been accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's record in this case does not contain a copy of the bill of costs. We, however, ordered the Dallas County District Clerk to file a supplemental record containing a certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant items have been omitted). Appellant's complaint that the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs is now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, pet. filed); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule his first issue.

In response to the Court's order requiring supplementation of the records, appellant filed an objection that the bill of costs in the supplemental record is not "proper bill[s] of costs" and the bill of costs was not filed in the trial court or brought to the trial court's attention before costs were entered into the judgments. We reject both arguments.

Appellant first contends that the bill of costs in the record is not a "proper bill[s] of costs" because they are "unsigned, unsworn computer printout[s]." Appellant acknowledges the district clerk has certified that the documents constitute costs that have accrued to date," but says this

does not "set out the costs as required by statute." While the code of criminal procedure requires a record to be kept, the code is silent on the form of such a record except to the extent it must be certified and signed "by the officer who charged the costs or the officer who is entitled to receive payment for the cost." *See* TEX. CODE CRIM. PROC. ANN. art. 103.001, .006; *Coronel*, 2013 WL 3874446, at \*4.

Here, the district clerk provided a "Bill of Costs Certification" containing the costs that have accrued to date in the respective case, and the documents are certified and signed by the district clerk. Because the documents meet the mandate of the code of criminal procedure, we conclude appellant's objection that the bill of costs is not "proper" lacks merit. *See Coronel*, 2013 WL 3874446, at \*4.

Appellant further argues there is no indication the bill of costs was filed in the trial court or brought to the trial court's attention before costs were entered in the judgments. However, there is no requirement that a bill of costs be presented to the trial court at any time before judgment. *See id.* at \*5. We overrule appellant's objection to the supplemental record.

We affirm the trial court's judgment.


/s/ David Evans
DAVID EVANS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
130631F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROYCE THOMPSON, JR., Appellant

No. 05-13-00631-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District Court of Dallas County, Texas (Tr.Ct.No. F12-61533-W).
Opinion delivered by Justice Evans, Justices Moseley and Bridges participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered November 27, 2013.

/s/ David Evans
DAVID EVANS
JUSTICE