**AFFIRM; Opinion Filed December 2, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01460-CR**

**WILLIAM BLOUNT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-58965-T**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Myers

Appellant was charged by indictment with aggravated robbery with a deadly weapon. He pleaded guilty to the indictment and, following a sentencing hearing, was sentenced by the trial court to ten years in the Institutional Division of the Texas Department of Criminal Justice. As part of the judgment in this case, the trial court assessed appellant court costs of $244. We affirm.

## DISCUSSION

In his sole issue, Blount argues the evidence is insufficient to support the trial court's order for him to pay $244 in court costs. He requests we reform the trial court's judgment to delete the requirement that he pay court costs because the clerk's record filed in this case does not contain a bill of costs.

The Texas Code of Criminal Procedure provides in part that if a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006. The code of criminal procedure further provides that "[a] cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." *Id*. art. 103.001.

The clerk's record in this case did not contain a copy of the bill of costs or any other document with an itemized list of costs assessed in this case, and Blount's designation of the record on appeal did not request that a copy of the bill of costs be included in the record. Given that Blount raises issues concerning the costs assessed against him, we ordered the Dallas County District Clerk to prepare and file a supplemental clerk's record containing a detailed itemization of the costs assessed in this case, including specific court costs, fees, and court-appointed attorney's fees, and that the supplemental record include a document explaining any and all abbreviations used to designate a particular fee, cost, or court-appointed attorney's fee. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted).

The District Clerk has complied with our order by filing a signed and certified supplemental clerk's record containing an itemization of the costs assessed in this case, and an explanation of the abbreviations used in the itemization. Because the record now contains a cost bill that supports the costs assessed in the judgment, appellant's argument that the evidence is insufficient to support the imposition of costs because the clerk's record does not contain a bill of costs is, therefore, moot. *See Coronel v. State*, No. 05–12–00493–CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, pet. filed) (citing *Franklin v. State*, 402 S.W.3d 894 (Tex.

App.—Dallas 2013, no pet.)); *see also Barrera v. State*, No. 05–12–00715–CR, 2013 WL 5314715, at *4 (Tex. App.—Dallas Sept. 20, 2013, no pet. h.) (mem. op., not designated for publication); *Juarez v. State*, No. 05–12–00125–CR, 2013 WL 3957008, at *9 (Tex. App.—Dallas July 31, 2013, no pet.) (not designated for publication).

In response to the supplemental clerk's record, Blount filed objections in which he argues the cost bill in the supplemental record is not a proper bill of costs. He contends the cost bill is not a proper bill of costs because it "contains nothing but an unsigned, unsworn computer printout" that was not "signed by the officer who charged the cost or by the officer who is entitled to receive payment for the cost." As we acknowledged earlier, the code of criminal procedure requires that a bill of cost be certified and signed "by the officer who charged the costs or the officer who is entitled to receive payment for the cost," "stating the costs that have accrued" if the cause is appealed. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001, .006. In this case, the District Clerk has provided a bill of costs that itemizes the costs that have accrued thus far in Blount's case, and it is certified and signed by the Deputy District Clerk. This satisfies the mandate of the code of criminal procedure. *See Coronel*, 2013 WL 3874446, at *4 (rejecting argument that bill of costs in supplemental clerk's record was not a "proper bill of costs" because it was an "unsigned, unsworn computer printout"); *see also Juarez*, 2013 WL 3957008, at *10.

Blount also contends there is no indication the bill of costs existed at the time the judgment was entered, that it was filed in the trial court, or that it was brought to the court's attention before the costs were entered in the judgment. We rejected these arguments in *Coronel*, where we stated that "nothing in the code of criminal procedure or the statutes addressing the assessment of costs against defendants requires that a bill of costs be presented to

the trial court at any time before judgment." *Coronel*, 2013 WL 3874446, at \*5; *see also Juarez*, 2013 WL 3957008. We therefore deny Blount's objections and overrule his issue.[1]

The judgment of the trial court is affirmed.


/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121460F.U05

---

[1] In his original brief and his objections, Blount does not challenge the propriety or legality of the specific costs assessed; therefore, we do not address those matters.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM BLOUNT, Appellant

No. 05-12-01460-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-58965-T.
Opinion delivered by Justice Myers.
Justices FitzGerald and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 2nd day of December, 2013.

/Lana Myers/
LANA MYERS
JUSTICE