**AFFIRM; and Opinion Filed December 11, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01117-CR

**ABNER HAYNES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F12-55406-K**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Lewis

Appellant Abner Haynes pleaded guilty to felony possession of cocaine, and he pleaded true to two enhancement paragraphs alleging prior state jail felonies. The trial court found Haynes guilty, found the enhancement allegations true, and assessed his punishment at four years' imprisonment plus a $1,000 fine. Haynes raises a single issue on appeal, arguing the evidence is insufficient to support the trial court's order that he pay $279 in court costs. We affirm the trial court's judgment.

Haynes contends the record in this case does not contain a proper written bill of costs as required by the Texas Code of Criminal Procedure. If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." Tex. CODE CRIM.

PROC. ANN. art. 103.006 (West. 2006). A cost is not payable until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's record in this case did not originally contain a copy of the cost bill. When Haynes raised this issue, we ordered the Dallas County District Clerk to prepare and file a supplemental clerk's record containing the certified bill of costs associated with this case; the clerk has done so. *See* TEX. R. APP. P. 34.5(c)(1) (allowing supplementation of clerk's record if relevant item has been omitted). Therefore, Haynes's complaint that the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs is now moot. *See Franklin v. State*, 402 S.W.3d 894, 894 (Tex. App.—Dallas 2013, no pet.). We decide Haynes's single issue against him.

Haynes also filed two objections to the supplemental clerk's record. In the first, he contends the supplemental clerk's record is not a "proper bill of costs" because it is an "unsigned, unsworn computer printout." The code of criminal procedure requires only that a bill of costs be certified and signed "by the officer who charged the costs or the officer who is entitled to receive payment for the cost," and state the costs that have accrued. TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.006. In this case, the district clerk has provided a "Bill of Costs Certification" containing the costs that have accrued to date in Haynes's case. It is certified and signed by the district clerk, and thus it meets the mandate of the code of criminal procedure. *See Coronel v. State*, No. 05–12–00493–CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, pet. filed).

Haynes's second objection complains the bill of costs was not filed in the trial court or brought to the trial court's attention before costs were entered in the judgment. There is no

requirement that a bill of costs be presented to the trial court at any time before judgment. *Id*. at *5.

We overrule Haynes's objections to the supplemental clerk's record. We affirm the trial court's judgment.[1]


/David Lewis/

DAVID LEWIS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

121117F.U05

---

[1] Haynes has not challenged the propriety or legality of the specific costs assessed; therefore, we do not address these matters.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ABNER HAYNES, Appellant

No. 05-12-01117-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F12-55406-K.
Opinion delivered by Justice Lewis.
Justices Bridges and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of November, 2013.

/David Lewis/
DAVID LEWIS
JUSTICE