**AFFIRM; and Opinion Filed January 7, 2014.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-12-01699-CR

**DONALD RAY ATKINS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F10-31661-J**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Lewis

Donald Atkins appeals his conviction for assault/family violence. After pleading guilty and judicially confessing to the offense, appellant was placed on deferred adjudication probation for a period of four years and assessed a fine of $2,000. The State subsequently filed a motion to proceed to an adjudication of guilt and appellant entered a plea of true to the allegations in the State's motion. Following a hearing, the trial court adjudicated appellant guilty and sentenced him to three years imprisonment. In two issues, appellant contends the judgment fails to accurately reflect the conditions of probation appellant was found to violate, and the evidence is insufficient to support the trial court's order that he pay $244 in court costs. We affirm the trial court's judgment.

The written judgment adjudicating appellant's guilt contains a section in which the court was to indicate which specific conditions of community supervision the probationer violated. In the judgment in this case, that section reflects the trial court's finding as follows: "While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows: See attached Motion to Adjudicate Guilt." There was no motion attached to the judgment. The record contains both an original and an amended motion to revoke probation or proceed with an adjudication of guilt. The original motion to adjudicate guilt alleged six probation violations. The amended motion to adjudicate guilt alleged seven probation violations—the six violations alleged in the original motion and a new alleged violation of evading arrest. During the hearing, the trial court specifically found that the State did not prove its allegation that appellant evaded arrest. In its judgment, the trial court found that appellant violated the terms and conditions of community supervision as set forth in the State's original motion—the motion that did not contain the alleged violation of evading arrest.

On appeal, appellant requests that the judgment be reformed to accurately reflect the conditions of probation that he was found to have violated. The State agrees, stating: "the trial court's judgment should be reformed or modified in the specific way Appellant has requested in his point of error one." However, based on our review of the record and the express language of the judgment, we see no need to reform or modify the judgment. The trial court found that appellant violated the terms and conditions of community supervision as set out in the State's original motion to adjudicate guilt, which did not include an allegation that appellant had evaded arrest. We overrule appellant's first issue.

In his second issue, appellant contends the record in this case does not contain a proper written bill of costs as required by the Texas Code of Criminal Procedure. If a criminal action is

appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). A cost is not payable until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's record in this case did not originally contain a copy of the cost bill. When appellant raised this issue, we ordered the Dallas County District Clerk to prepare and file a supplemental clerk's record containing the certified bill of costs associated with this case; the clerk has now done so. *See* TEX. R. APP. P. 34.5(c)(1) (allowing supplementation of clerk's record if relevant item has been omitted). Therefore, appellant's complaint that the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs is now moot. *See Franklin v. State*, 402 S.W.3d 894, 894 (Tex. App.—Dallas 2013, no pet.). We overrule appellant's second issue.

In response to the Court's order requiring supplementation of the record, appellant filed two objections that the bill of costs in the supplemental clerk's record is not a "proper bill of costs" because it consists of "unsigned, unsworn computer printouts." Appellant acknowledges the district clerk has certified that the "documents constitute costs that have accrued to date" but contends this does not "set out the costs as required by statute." The code of criminal procedure requires only that a bill of costs be certified and signed "by the officer who charged the costs or the officer who is entitled to receive payment for the cost," and state the costs that have accrued. TEX. CODE CRIM. PROC. ANN. arts 103.001, 103.006. Here, the district clerk provided a "Bill of Costs Certification" containing the costs that have accrued to date in appellant's case; it is certified and signed by the district clerk. The bill of costs certification meets the mandate of the code of criminal procedure; therefore, we conclude appellant's objection that the bill of costs is

not "proper" lacks merit.  *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at \*4 (Tex. App.—Dallas July 29, 2013, pet. ref'd).

Appellant also complains the bill of costs was not filed in the trial court or brought to the trial court's attention before costs were entered in the judgment.  However, there is no requirement that a bill of costs be presented to the trial court at any time before judgment.  *Id.* at \*5.  We overrule appellant's objections to the supplemented clerk's record.

Having overruled appellant's issues, we affirm the trial court's judgment.


/David Lewis/
DAVID LEWIS
JUSTICE

Do Not Publish
Tex. R. App. P. 47

121699F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DONALD RAY ATKINS, Appellant

No. 05-12-01699-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F10-31661-J.
Opinion delivered by Justice Lewis.
Justices Bridges and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of January, 2014.

/David Lewis/

DAVID LEWIS
JUSTICE