**AFFIRM; and Opinion Filed January 8, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00595-CR

**JAMES EDWARD GRUMBLES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 2
Dallas County, Texas
Trial Court Cause No. MB10-69593-B**

## MEMORANDUM OPINION

Before Justices FitzGerald, Lang, and Fillmore
Opinion by Justice Fillmore

A jury convicted James Edward Grumbles of driving while intoxicated, and the trial court assessed punishment of 180 days incarceration in the county jail and a $2,000 fine. The trial court's judgment also includes an order that Grumbles pay court costs. In a single issue, Grumbles contends the evidence is insufficient to support the trial court's assessment of court costs. We affirm.

Grumbles asserts the evidence is insufficient to support the trial court's order that he pay $732.10 in court costs because the clerk's record does not contain a bill of costs. The State responds that the trial court was authorized to assess court costs against Grumbles, and the clerk's record should be supplemented with a bill of costs supporting the trial court's order.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have been accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's record in this case does not contain a copy of the bill of costs. We, however, ordered the Dallas County Clerk to file a supplemental record containing a certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant items have been omitted). Grumbles's complaint that the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs is now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, pet. ref'd); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We resolve Grumbles's sole issue against him.

Finally, we note that in his brief, Grumbles does not challenge the propriety or legality of the specific costs assessed; therefore, we do not address those matters.

We affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130595F.U05

-2-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES EDWARD GRUMBLES,
Appellant

No. 05-13-00595-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the County Criminal Court
No. 2 of Dallas County, Texas (Tr.Ct.No.
MB10-69593-B).
Opinion delivered by Justice Fillmore,
Justices FitzGerald and Lang participating.


Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.


Judgment entered January 8, 2014.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE