**AFFIRM; and Opinion filed February 27, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-01003-CR

**JOSEPH AARON PEREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F05-26451-M**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lang-Miers

Joseph Aaron Perez appeals following his conviction for aggravated robbery with a deadly weapon. *See* TEX. PENAL CODE ANN. § 29.03(a) (West 2011). The trial court assessed punishment at forty-five years' imprisonment. The trial court's judgment also includes an order that appellant pay $400 in court costs. In a single issue, appellant contends there is insufficient evidence in the record to support the trial court's order that he pay $400 in court costs. We affirm the trial court's judgment.

Appellant contends the evidence is insufficient to support the trial court's order that he pay $400 in court costs because the clerk's record does not contain a bill of costs. The State

responds that the record contains sufficient evidence to support a portion of the amount of costs assessed by the trial court.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have been accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's record in this case does not contain a copy of the bill of costs. We, however, ordered the Dallas County District Clerk to file a supplemental record containing a certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (allowing supplementation of clerk's record if relevant items have been omitted). Appellant's complaint that the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs is now moot. *See Coronel v. State*, 416 S.W.3d 550, 555 (Tex. App.—Dallas 2013, pet. ref'd); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule his first issue.

In response to the Court's order requiring supplementation of the records, appellant filed an objection that the bill of costs in the supplemental record is not "proper bill[s] of costs" and the bill of costs was not filed in the trial court or brought to the trial court's attention before costs were entered into the judgment. The Court rejected these objections and arguments in *Coronel*. *See Coronel*, 416 S.W.3d at 555–56. We likewise reject them here, and conclude the cost bill contained in the supplemental clerk's record is sufficient to support the assessment of costs in the judgment. *See id*. We overrule all of appellant's objections to the supplemental clerk's record.

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131003F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSEPH AARON PEREZ, Appellant

No. 05-13-01003-CR       V.

THE STATE OF TEXAS, Appellee

Appeal from the 194th Judicial District Court of Dallas County, Texas (Tr.Ct.No. F05-26451-M).
Opinion delivered by Justice Lang-Miers, Justices Myers and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered February 27, 2014.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE