**AFFIRM; and Opinion Filed April 17, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01501-CR

### LEONARD GEORGE GOOCH, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F12-57715-Y**

## MEMORANDUM OPINION

Before Justices O'Neill, Myers, and Brown
Opinion by Justice O'Neill

Leonard George Gooch appeals his conviction for family violence assault. After finding appellant guilty, the trial court assessed punishment at twenty years' confinement and a $10,000 fine. In two points of error, appellant contends (1) the trial court erred in allowing complainant's statement be read into evidence, and (2) the evidence is insufficient to support the trial court's order that he pay court costs. For the following reasons, we affirm the trial court's judgment.

The grand jury indicted appellant for assaulting his girlfriend Willer Pearil by "impeding the normal breathing and circulation of [her] blood by applying pressure to [her] throat and neck and by blocking [her] nose and mouth" with his hands.

At trial, Officer David Thompson testified he was called to a domestic disturbance at Pearil's residence. When he arrived, Pearil was crying and trembling. She had visible injuries, including bruising, swelling to her right eye, and scratches and marks on her neck. Photographs

of her injuries were admitted into evidence. Thompson testified that Pearil's injuries were consistent with someone having placed their hands around her throat. Pearil gave a written statement to police, and appellant, who was still at the residence, was arrested.

At trial, Pearil was not cooperative with the State. She testified that appellant is her boyfriend and she has been dating him for three years. She said she did not remember the night of the assault and that she had been drinking. When asked if her written statement might refresh her memory, she responded that she did not know. Pearil reviewed the statement. She said that the statement was her statement, that it was in her handwriting, and that it contained her social security number and date of birth. But she again said that she did not remember the night of the assault or giving the statement. She later testified that the handwriting "appeared" to be hers.

When the State began to question Pearil about the contents of the statement, the trial court asked if the statement was being offered as a recorded recollection under Texas Rule of Evidence 8.03(5). The State said that it was, and the trial court asked if appellant had any objections. Appellant objected because Pearil did not testify it was "her statement," or that it was her handwriting, but only that it "looked like" her handwriting. The trial court overruled appellant's objection. In her statement, Pearil said "he" was mad at her, choked her, and told her he hated her and that he was going to kill her.

Appellant testified and denied assaulting Pearil. He claimed he had an injury from his military service that would prevent him from choking Pearil with his right hand. On cross-examination, appellant admitted he had prior convictions for murder and burglary.

In his first point of error, appellant contends the trial court erred in allowing Pearil's written statement be read into evidence because the statement was hearsay and the State failed to lay the proper predicate for admission under Texas Rule of Evidence 803(5). In determining whether a trial court erred in admitting evidence, we determine whether the trial court clearly

–2–

abused its discretion. *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). We may reverse only if the trial court's ruling was so clearly wrong as to lie outside the zone within which reasonable people might disagree. *Id.*

Once the opponent of hearsay evidence makes the "proper objection," it becomes the burden of the proponent of the evidence to establish that an exception applies that would make the evidence admissible in spite of its hearsay character. *Id.* at 578-79. Rule 803(5) provides, "[a] memorandum or record concerning a matter about which a witness once had personal knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly, unless the circumstances of preparation casts doubt on the document's trustworthiness." TEX. R. EVID. 803(5). In *Johnson*, the Court of Criminal Appeals held that to be admissible under rule 803(5), "the witness much vouch for the accuracy of the written memorandum." *Johnson v. State*, 967 S.W.2d 410, 416 (Tex. Crim. App. 1998).

In this point, relying on *Johnson,* appellant asserts the trial court erred in admitting the statement because Pearil did not "vouch for the accuracy" of the statement. *See id.* Here, unlike *Johnson*, appellant did not make a hearsay objection to the statement such that the State was called upon to meet each requirement of a hearsay exception. *See Johnson*, 967 S.W.2d at 415-16. Instead, the only objection he made to the statement, and the only objection the trial court was asked to rule upon, was that Pearil "has not stated that this is her statement" or that it was her handwriting, but only that it "looked like" her handwriting. The trial court overruled that objection. In doing so, the trial court noted the witnesses' testimony was corroborated by her social security number and date of birth being contained on the statement. We cannot conclude the trial court abused its discretion in determining the State showed the statement was Pearil's. Appellant however now seeks reversal based on Pearil's failure to vouch for the accuracy of the

contents of her statement. To preserve a complaint for appellate review, a party must make a timely request, objection, or motion with sufficient specificity to apprise the trial court of the complaint. TEX. R. APP. P. 33.1(a); *Saldano v. State*, 70 S.W.3d 873, 886–87 (Tex. Crim. App. 2002). We conclude appellant waived this argument.

Further, we cannot overturn a conviction for non-constitutional error unless the error affected appellant's "substantial rights." *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004). Substantial rights are not affected by the erroneous admission of evidence if, after examining the record as a whole, we have a fair assurance that the error did not influence the fact finder, or had but a slight effect. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). In making this determination, we should consider everything in the record, including any testimony or physical evidence admitted into evidence, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case. *Id.*

Appellant contends his substantial rights were affected because Pearil's statement that she was "choked" was the "only evidence" that complainant's breathing was impeded as alleged in the indictment. Appellant's theory at trial was similarly that the State failed to prove appellant inflicted the injuries as alleged in the indictment. Indeed, at trial, he claimed Pearil's statement also failed to show the injuries as alleged in the indictment. Regardless, the trial court had before it not only testimony about Pearil's injuries, including injuries to her neck, but also photographs showing those injuries. In finding appellant guilty, the trial court specifically stated it was relying heavily, not only on the trial testimony, but on the photographs showing Pearil's injuries. It is well established that the improper admission of evidence does not constitute reversible error if the same or similar facts are proved by other properly admitted evidence. *See Brooks v. State*, 990 S .W.2d 278, 287 (Tex. Crim. App. 1999); *Anderson v. State*, 717 S.W .2d

–4–

622, 627 (Tex. Crim. App. 1986). We conclude admission of the statement did not affect appellant's substantial rights, and overrule appellant's first point of error.

In his second point of error, appellant contends we should reform the trial court's judgment to delete the requirement that he pay court costs because the clerk's record does not contain a bill of costs. Following submission of this case, we ordered the Dallas County District Clerk to prepare and file a supplemental clerk's record containing a bill of costs as required by the Articles 103.001 and 103.006 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 103.001, .006 (West 2006). The district clerk has complied with our order. Therefore, appellant's complaint is moot. *See Coronel v. State*, 416 S.W.3d 550, 555 (Tex. App.—Dallas 2012, pet. ref'd); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex.App.—Dallas 2013, no pet.). We overrule appellant's second point of error.

We affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121501F.U05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LEONARD GEORGE GOOCH, Appellant

No. 05-12-01501-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F12-57715-Y.
Opinion delivered by Justice O'Neill.
Justices Myers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of April, 2014.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE