**Affirmed as Modified and Opinion Filed December 12, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01710-CR
No. 05-12-01711-CR

**MARKAILE DESSERAILE RANSOM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-57498-T and F12-60226-T**

## OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice FitzGerald

Appellant Markaile Desseraile Ransom appeals from two criminal judgments against him, raising three issues on appeal. His first two issues concern the assessments of court costs against him. His third issue concerns a mistake in one of the two judgments on appeal. The State agrees with appellant's third issue on appeal. We reform the judgment as requested by appellant and otherwise affirm both judgments.

### I. BACKGROUND

In August 2011, appellant was indicted for assault. Pursuant to a plea bargain agreement, appellant pleaded guilty and was placed on deferred adjudication community supervision for three years. Several months later, the State filed a motion to revoke probation, alleging that

appellant had violated the terms of his probation by committing robbery, among other things. Appellant was also indicted for robbery in a separate criminal case.

Appellant pleaded guilty to the robbery and pleaded true to the State's motion to revoke probation. The trial judge held a hearing at which appellant testified. The judge found the State's allegations to be true, adjudicated appellant's guilt and revoked his probation in the assault case, found him guilty in the robbery case, and sentenced appellant to ten years in prison in each case, running concurrently. The judgment adjudicating guilt in the assault case assessed court costs of $294 against appellant. The judgment of conviction in the robbery case assessed court costs of $244 against appellant. Appellant timely appealed both judgments.

## II. ANALYSIS

### A. Court costs

In appellant's first two issues on appeal, he argues that the evidence is insufficient to support the awards of court costs in the two judgments against him. After briefing, and on our own motion, we ordered the district clerk to file supplemental clerk's records containing a detailed itemization of the costs assessed in the cases. The district clerk complied. Appellant then filed objections to the supplemental clerk's records. In his objections, he argues that the documents filed in the supplemental clerk's records do not support the awards of court costs (1) because they are "unsigned, unsworn computer printouts" and (2) because there is no indication the documents were ever filed in the trial court or brought to the attention of the trial judge before the judgments were rendered.

Appellant's objections are without merit. We have considered and rejected the same objections in several recent cases. *See, e.g.*, *Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4–5 (Tex. App.—Dallas July 29, 2013, pet. filed); *Simpson v. State*, No. 05-12-00999-CR, 2013 WL 6096534, at *1 (Tex. App.—Dallas Nov. 19, 2013, no pet. h.) (mem. op.,

–2–

not designated for publication); *James v. State*, No. 05-12-01642-CR, 2013 WL 6063596, at *2 (Tex. App.—Dallas Nov. 18, 2013, no pet. h.) (mem. op., not designated for publication). We overrule appellant's objections.

Having overruled appellant's objections to the supplemental clerk's records, we have reviewed the bill of costs certifications in those records, and we conclude that they support the assessments of court costs against appellant. *Cf. Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We reject appellant's first two issues on appeal.

## B.     Error in robbery judgment

Appellant argues that there is an error in the judgment against him in the robbery case. That judgment recites that the "Statute for Offense" was section 29.03 of the Texas Penal Code, which concerns aggravated robbery. Appellant argues that the record shows he was actually indicted for, and pleaded guilty to, simple robbery under section 29.02 of the Penal Code. The State agrees that the judgment in the robbery case should be corrected as argued by appellant. We have the power to reform the judgment to make it speak the truth. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we sustain appellant's third issue.

## III.   CONCLUSION

We affirm the judgment in the assault case. We modify the judgment in the robbery case to reflect that the statute for offense was section 29.02 of the Texas Penal Code, and we affirm that judgment as modified.

/Kerry P. FitzGerald/

KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121710F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARKAILE DESSERAILE RANSOM,
Appellant

No. 05-12-01710-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-57498-T.
Opinion delivered by Justice FitzGerald.
Justices Francis and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 12, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARKAILE DESSERAILE RANSOM,
Appellant

No. 05-12-01711-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-12-60226-T.
Opinion delivered by Justice FitzGerald.
Justices Francis and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under the heading "Statute for Offense," we delete "29.03 Penal Code" and replace it with "29.02 Penal Code."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered December 12, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE