**AFFIRMED and Opinion Filed December 20, 2013**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-12-00734-CR**

**BERNARD KIPNGENO NGETICH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-62810-S**

**MEMORANDUM OPINION**

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Lang-Miers

The State charged Bernard Kipngeno Ngetich with fraudulent use or possession of ten or more but less than fifty items of identifying information of four individuals without their consent, a second-degree felony. TEX. PENAL CODE ANN. § 32.51(b)(1), (c)(3) (West Supp. 2013). Appellant pleaded not guilty before a jury, the jury found him guilty, and the court assessed punishment at two years in prison. The judgment assessed court costs in the amount of $264. In two issues on appeal, appellant argues (1) the evidence is insufficient to support the conviction because the State failed to prove he fraudulently possessed the identifying information of one of the four individuals named in the indictment and ten or more but less than fifty items of identifying information; and (2) the evidence is insufficient to support the assessment of court costs. We issue this memorandum opinion because the issues are settled. TEX. R. APP. P. 47.4. We affirm the trial court's judgment.

## Background

An employee of a Texaco station called the Dallas Police Department to report a suspicious man at the gas pumps asking customers to use what the employee thought was a credit card to purchase their gas in exchange for cash. Officer David Detamble went to the Texaco station and talked to the employee. The employee described the individual and told the officer the direction in which the man walked after he left the Texaco station.

Detamble drove to a Shell station across the intersection from the Texaco station. Another officer, Eric Weast, also arrived at the Shell station. Detamble and Weast went inside the Shell station and saw a man who matched the description given by the Texaco employee; it was appellant. Detamble asked appellant for identification and appellant removed his identification card from a wallet that he took from his pants pocket. As appellant opened the wallet, Detamble saw multiple identification cards in the wallet. Weast also saw other identification cards in the wallet, including a military card. Weast asked appellant if he was in the military, and appellant said no. Weast asked to look at the wallet. He testified that when he looked at the other cards in the wallet, he saw they were in other people's names. The officers arrested appellant.

The wallet contained identifying information belonging to four different people: Johnny Fobbs (Texas Department of Public Safety Under 21 Identification Card), Joshua Hawkins (Department of Defense/Uniformed Services Identification and Privilege Card), Matthew James (Texas Learner Driver License), and Christopher Smith (Texas Department of Public Safety Identification Card). The officers also found in appellant's possession unopened beauty products, unopened electronic cables, two cell phones, and three gift cards.

At trial, Fobbs, Hawkins, and James each testified that appellant did not have consent to possess their identifying information. Smith did not testify. Fobbs testified that he lost his

identification in Fort Worth. Hawkins said he did not know his military identification was missing until the police contacted him. He also testified that he had met appellant before at an apartment complex through a girl they both knew. James, a high school student, testified that his "driver's permit" was stolen while he was playing football in Danieldale Park. He said someone stole his backpack containing the learner driver license, ID, a sweater, shoes, basketball shorts, and a cell phone.

Appellant testified that he found the wallet on the bus the same day he was arrested at the Shell station and "it had all these people['s] information on [sic] it[.]" He said he tried to give the wallet to the bus driver, but the driver would not take it and told appellant to turn it in to the police. Appellant testified that he did not own a wallet at that time and usually kept his own identification in his shirt, but he put his identification in the wallet that morning "[o]ut of confusion." He said he did not use any of the identifying information, and he was going to try to contact the people named on the cards or turn the wallet in to the police.

### Standard of Review

We review the sufficiency of the evidence under the standard set out in *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). *See Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). We review the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 318–19. The standard is the same whether we are reviewing direct or circumstantial evidence. *Wise*, 364 S.W.3d at 903; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The factfinder is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *See Isassi*, 330 S.W.3d at 638.

**Discussion**

In issue one, appellant argues that the evidence is insufficient to support the conviction because the State did not prove he possessed Smith's identifying information without Smith's consent or that he possessed ten or more but less than fifty items of identifying information as charged in the indictment.

A person commits the offense of fraudulent use or possession of identifying information when the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of identifying information of another person without the other person's consent. TEX. PENAL CODE ANN. § 32.51(b)(1). "Consent" in this context "means assent in fact, whether express or apparent." TEX. PENAL CODE ANN. § 1.07(a)(11). "Assent in fact" means "there must be an actual or real agreement after thoughtful consideration." *Blair v. State*, 398 S.W.3d 220, 229 (Tex. Crim. App. 2013). "Apparent" consent means "assent in fact that, while not communicated expressly, is no less 'clear and manifest to the understanding' for not having been explicitly verbalized." *Id.* When a person possesses the identifying information of three or more individuals, the law presumes the person has the intent to harm or defraud another. TEX. PENAL CODE ANN. § 32.51(b–1).

Smith did not testify in this case. However, a reasonable deduction from the evidence is that appellant did not have Smith's consent to possess Smith's identifying information. The three other individuals testified that appellant did not have consent to possess their identifying information, Smith's identifying information was in the same wallet as the other individuals' identifying information, appellant did not know Smith, and appellant said he found the wallet on a bus. Appellant's own testimony supports the reasonable inference that he did not have Smith's express or apparent consent to possess Smith's identifying information.

–4–

Appellant also argues that the evidence is insufficient to show he possessed ten or more but less than fifty items of identifying information. The penal code defines "identifying information" as

> information that alone or in conjunction with other information identifies a person, including a person's
>
> (A) name and date of birth;
>
> . . .
>
> (C) unique electronic identification number, address, routing code, or financial institution account number;
>
> . . .
>
> (E) social security number or other government-issued identification number.

TEX. PENAL CODE ANN. § 32.51(a)(1).

Weast testified that name and date of birth are one "piece" of information, and social security number, driver license number, and address are all separate "pieces" of information. Neither party cites authority to show that the separately lettered paragraphs under section 32.51(a)(1) each constitutes one item of identifying information. *See id.* § 32.51(a)(1) (defining "identifying information"), 32.51(c) (referring to "number of items" of identifying information). Weast testified that there were three "pieces" of identifying information per card, multiplied times four cards, for a total of twelve "pieces" of identifying information in appellant's possession when he was arrested.

Appellant does not challenge Weast's testimony about what constitutes a "piece" or item of identifying information. Instead, appellant appears to contend that because Smith did not testify, Smith's identifying information cannot count toward the number of items of identifying information he possessed. This is incorrect. We consider all the evidence in a sufficiency challenge. *See Lockhart v. Nelson*, 488 U.S. 33, 41–42 (1988); *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011). Assuming, without deciding, that Weast's analysis is correct,

the four cards admitted into evidence each contained three separate items of identifying information—the name and date of birth, address, and social security number or government-issued identification number—belonging to the respective victims in this case, for a total of twelve items of identifying information.  Consequently, we conclude that the State proved appellant possessed ten or more but less than fifty items of identifying information. We resolve issue one against appellant.

In issue two, appellant argues that the evidence is insufficient to support the assessment of $264 in court costs because the clerk's record does not contain a bill of costs.  Since the filing of this appeal, this Court requested and received a supplemental clerk's record that contains a certified bill of costs.  *See Franklin v. State*, 402 S.W.3d 894, 894 (Tex. App.—Dallas 2013, no pet.).  Consequently, this issue is moot, and we resolve it against appellant.

After this Court received the supplemental clerk's record, appellant filed two objections to the bill of costs contained in the supplemental record. He objected that the bill of cost (1) was not proper because it is an "unsigned, unsworn computer printout" and (2) was not filed in the trial court or brought to the trial court's attention before costs were entered in the judgment.  We previously considered these exact same objections in *Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4–5 (Tex. App.—Dallas July 29, 2013, pet. ref'd), and rejected them, and we do so here as well.

## Conclusion

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
120734F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BERNARD KIPNGENO NGETICH,
Appellant

No. 05-12-00734-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-62810-S.
Opinion delivered by Justice Lang-Miers,
Justices Francis and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 20th day of December, 2013.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE