**MODIFY and AFFIRM; and Opinion filed January 6, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00899-CR

### MARKESHA TAYLOR, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 265th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F12-35448-R

## MEMORANDUM OPINION

Before Justices O'Neill, Myers, and Brown
Opinion by Justice Brown

Markesha Taylor waived a jury and pleaded guilty to aggravated robbery with a deadly weapon. *See* TEX. PENAL CODE ANN. § 29.02(a) (West 2011). The trial court assessed punishment at six years' imprisonment. The trial court's judgment also includes an order that appellant pay $244 in court costs. In two issues, appellant contends there is insufficient evidence in the record to support the trial court's order that she pay $244 in court costs, and the judgment should be modified to reflect the sentence was the result of an open plea. We modify the trial court's judgment and affirm as modified.

Appellant contends the evidence is insufficient to support the trial court's judgment that appellant pay $244 in court costs because the clerk's record does not contain a bill of costs. The State responds that the record contains sufficient evidence in support of a portion of the amount of costs assessed by the trial court.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have been accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's record in this case does not contain a copy of the bill of costs. We, however, ordered the Dallas County District Clerk to file a supplemental record containing a certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant items have been omitted). Appellant's complaint that the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs is now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, pet. ref'd); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule appellant's first issue.

In her second issue, appellant asks us to modify the trial court's judgment to reflect she did not plead guilty pursuant to an agreement. The State responds that the judgment should be modified as appellant has requested.

The record shows appellant pleaded guilty to the charges in the indictment and went "open" to the trial court as to punishment. The judgment, however, recites terms of a plea bargain. Thus, the judgment is incorrect. We sustain appellant's second issue. We modify the judgment to show appellant entered an "open" guilty plea to the offense. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130899F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARKESHA TAYLOR, Appellant

No. 05-13-00899-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 265th Judicial District Court of Dallas County, Texas (Tr.Ct.No. F12-35448-R).
Opinion delivered by Justice Brown, Justices O'Neill and Myers participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered January 6, 2014.

/Ada Brown/
ADA BROWN
JUSTICE