**Affirmed as Modified and Opinion Filed January 7, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01376-CR
No. 05-12-01377-CR
No. 05-12-01378-CR
No. 05-12-01448-CR

**JESSE CARL CASTILLO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Dist. Ct. Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-40677-W, F11-40913-W, F11-40914-W, F11-40924-W**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Evans
Opinion by Justice Bridges

A jury convicted Jesse Carl Castillo of two sexual performance by a child offenses, one indecency with a child by contact offense, and one indecency with a child by exposure offense. *See* TEX. PENAL CODE ANN. §§ 21.11(a), (d), 43.25(b), (c) (West 2011). The jury assessed punishment at twenty years' imprisonment for each sexual performance by a child conviction, fifteen years' imprisonment for the indecency with a child by contact conviction, and eight years' imprisonment for the indecency with a child by exposure conviction. The jury also assessed a $10,000 fine in each case. The trial court's judgments also include orders that appellant pay court costs in the amounts of $614, $664, and $714. In four issues, appellant

contends there is insufficient evidence in the record to support the trial court's orders that he pay court costs in each of the cases. We modify the trial court's judgments and affirm as modified.

Appellant contends the evidence is insufficient in each case to support the trial court's order that he pay $614, $664, and $714 in court costs because the clerk's records do not contain bills of costs. The State responds that the trial court was authorized to assess court costs in the amounts of $614, $664, and $714.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have been accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's records in these cases do not contain the bills of costs. We, however, ordered the Dallas County District Clerk to file supplemental records containing certified bills of costs associated with the cases, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted). Appellant's complaints that the evidence is insufficient to support the imposition of costs because the clerk's records did not contain bills of costs are now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, pet. ref'd); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule appellant's four issues.

In response to the Court's order requiring supplementation of the records, appellant filed an objection that the bills of costs in the supplemental records are not "proper bill[s] of costs"

and the bills of costs were not filed in the trial court or brought to the trial court's attention before costs were entered in the judgments. The Court rejected these objections and arguments in *Coronel*. *See Coronel*, 2013 WL 3874446, at *4–5. We likewise reject them here, and conclude the cost bills contained in the supplemental clerk's records are sufficient to support the assessment of costs in the judgments. *See id.* We overrule appellant's objection to the supplemental clerk's records.

We note that in cause nos. 05-12-01376-CR, 05-12-01378-CR, and 05-12-01448-CR, the judgments do not contain the $10,000 fine assessed by the jury. "The judgment shall reflect . . . that the defendant be punished in accordance with the jury's verdict. . . ." TEX. CRIM. PROC. CODE ANN. art. 42.01, § 8 (West 2006).[1] The trial court orally read the jury's verdict with the defendant present in the courtroom. We are authorized to correct a judgment to accurately reflect a jury's verdict. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). We modify the judgments in those cases to include the $10,000 fine.

In cause nos. 05-12-01376-CR, 05-12-01378-CR, and 05-12-01448-CR, we affirm the trial court's judgments as modified. In cause no. 05-12-01377-CR, we affirm the trial court's judgment.

DoNot Publish
TEX. R. APP. P. 47
121376F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

---

[1] Unrelated amendments were made to article 42.01 after sentencing. *See* TEX. CRIM. PROC. CODE ANN. art. 42.01, § 8 (West Supp. 2013).

-3-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JESSE CARL CASTILLO, Appellant

No. 05-12-01376-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District Court of Dallas County, Texas (Tr.Ct.No. F12-40677-W).
Opinion delivered by Justice Bridges, Justices Moseley and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Fine" is modified to show "$10,000."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered January 7, 2014

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JESSE CARL CASTILLO, Appellant

No. 05-12-01377-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District Court of Dallas County, Texas (Tr.Ct.No. F11-40913-W).
Opinion delivered by Justice Bridges, Justices Moseley and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered January 7, 2014

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

/



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JESSE CARL CASTILLO, Appellant

No. 05-12-01378-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F11-40914-W).
Opinion delivered by Justice Bridges,
Justices Moseley and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Fine" is modified to show "$10,000."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered January 7, 2014

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JESSE CARL CASTILLO, Appellant

No. 05-12-01448-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District Court of Dallas County, Texas (Tr.Ct.No. F11-40924-W).
Opinion delivered by Justice Bridges, Justices Moseley and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Fine" is modified to show "$10,000."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered January 7, 2014

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE