**Affirmed as Modified and Opinion February 4, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00887-CR

**MIGUEL ZUNIGA-LOPEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F12-00559-J**

## OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice FitzGerald

Appellant Miguel Zuniga-Lopez pleaded guilty to burglary of a habitation with intent to commit a sex offense. After a hearing, the trial judge accepted his guilty plea and sentenced him to fifteen years in prison. Appellant raises four issues on appeal. We modify the judgment to correct certain errors and affirm the judgment as modified.

### I. CORRECTION OF ERRORS IN THE JUDGMENT

In his first point of error on appeal, appellant attacks the portion of the judgment reciting that the trial judge imposed a $1500 fine on him. He argues that the trial judge did not impose any fine when she orally pronounced sentence, and that the oral pronouncement of sentence prevails over the written judgment when there is a conflict. *See Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). The record supports appellant's contention, and the State agrees

that appellant is entitled to have the fine deleted from the judgment. We sustain appellant's first point of error.

In his second point of error, appellant argues that the judgment erroneously reflects that there was a plea bargain when the record demonstrates that appellant made an open plea. The State agrees. We sustain appellant's second point of error. In his third point of error, appellant argues that the judgment erroneously states that he was charged by indictment when he was actually charged by information. The State agrees. We sustain appellant's third point of error.

## II. COURT COSTS

In his fourth point of error, appellant argues that assessment in the judgment of $219 in court costs must be reversed because there is no evidence in the record to support that assessment. After briefing was completed, we ordered the district clerk to file a supplemental clerk's record containing a detailed itemization of the costs assessed in this case. The district clerk then filed a supplemental clerk's record. Appellant filed objections to the supplemental clerk's record. We then ordered the district clerk to file an additional supplemental clerk's record that complied with the Texas Code of Criminal Procedure. On January 3, 2014, the district clerk filed another supplemental clerk's record. On January 29, appellant filed objections to the January 3, 2014 supplemental clerk's record that repeated his previous objections to the first supplemental clerk's record.

Appellant's original objections are moot in light of the filing of the January 3, 2014 supplemental clerk's record. We conclude appellant's objections to the second supplemental clerk's record are without merit. Appellant objects that the second supplemental clerk's record does not support the award of court costs (1) because the record contains only "unsigned, unsworn computer printouts" and (2) because there is no indication that the documents were ever filed in the trial court or brought to the trial judge's attention before judgment was rendered. We

have considered and rejected the same objections in several recent cases. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4–5 (Tex. App.—Dallas July 29, 2013, pet. ref'd); *see also Ransom v. State*, No. 05-12-01710-CR, 2013 WL 6570726, at *1 (Tex. App.—Dallas Dec. 12, 2013, no pet.) (not designated for publication); *Simpson v. State*, No. 05-12-00999-CR, 2013 WL 6096534, at *1 (Tex. App.—Dallas Nov. 19, 2013, no pet.) (mem. op., not designated for publication). We overrule appellant's objections.

We have reviewed the second supplemental clerk's record, and we conclude that it supports the assessment of court costs against appellant. *Cf. Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We reject appellant's fourth point of error.

## III. CONCLUSION

We modify the judgment as follows: (1) we delete the $1500 fine and replace it with the entry "N/A"; (2) in the space for "Terms of Plea Bargain," we delete the words "15 YEARS TDC FINE $1500" and replace them with the word "OPEN"; and (3) in the space for "Charging Instrument," we delete the word "INDICTMENT" and replace it with the word "INFORMATION." We affirm the judgment as modified.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120887F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

MIGUEL ZUNIGA-LOPEZ, Appellant

No. 05-12-00887-CR         V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F12-00559-J.
Opinion delivered by Justice FitzGerald.
Justices Francis and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

In the space for "Charging Instrument," we **DELETE** the word "INDICTMENT" and replace it with the word "INFORMATION."

In the space for "Terms of Plea Bargain," we **DELETE** the words "15 YEARS TDC FINE $1500" and replace them with the word "OPEN."

In the space for "Fine," we delete the $1500 fine and replace it with "N/A."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered February 4, 2014

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

–4–