**AFFIRMED as Modified; Opinion Filed February 26, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01056-CR

### MIGUEL BATULE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 195th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F13-40658-N

## MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion by Justice Moseley

Miguel Batule waived a jury and pleaded guilty to failure to register as a sex offender. The trial court assessed punishment at twelve years' imprisonment. The trial court's judgment also includes an order that appellant pay $244 in court costs. In three issues, appellant contends there is insufficient evidence in the record to support the trial court's order that he pay $244 in court costs, and the judgment should be modified to correct two errors. We modify the trial court's judgment and affirm as modified.

Appellant contends the evidence is insufficient to support the trial court's order that he pay $244 in court costs because the clerk's record does not contain a bill of costs. The State

responds that the record contains sufficient evidence to support a portion of the amount of costs assessed by the trial court.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have been accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's record in this case does not contain a copy of the bill of costs. We, however, ordered the Dallas County District Clerk to file a supplemental record containing a certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (allowing supplementation of clerk's record if relevant items have been omitted). Appellant's complaint that the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs is now moot. *See Coronel v. State*, 416 S.W.3d 550, 555 (Tex. App.—Dallas 2013, pet. ref'd); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule his first issue.

In response to the Court's order requiring supplementation of the records, appellant filed an objection that the bill of costs in the supplemental record is not a "proper bill[s] of costs" and the bill of costs was not filed in the trial court or brought to the trial court's attention before costs were entered into the judgment. The Court rejected these objections and arguments in *Coronel*. *See Coronel*, 416 S.W.3d at 555–56. We likewise reject them here, and conclude the cost bill contained in the supplemental clerk's record is sufficient to support the assessment of costs in the judgment. *See id*. We overrule all of appellant's objections to the supplemental clerk's record.

In his second and third issues, appellant contends the judgment should be modified to show the correct statute for the offense and to show both that he pleaded true to the enhancement paragraph and the trial court found the paragraph true. The State responds the judgment should be modified as appellant requests.

The record shows appellant was convicted for failure to register as a sex offender pursuant to article 62.102 of the code of criminal procedure. TEX. CODE CRIM. PROC. ANN. art. 62.102 (West Supp. 2013). The judgment incorrectly recites the statute for the offense as "61.102 Code of Criminal Procedure." Additionally, the record shows appellant pleaded true to an enhancement paragraph contained in the indictment and the trial court found the enhancement paragraph true. The judgment incorrectly stated there was no plea or finding to the enhancement paragraph. We sustain appellant's second and third issues. We modify the judgment to show the statute for the offense is article 62.102, Texas Code of Criminal Procedure; the plea to the first enhancement paragraph is true; and the finding on first enhancement paragraph is true.

As modified, we affirm the trial court's judgment.

/ Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131056F.U05

-3-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MIGUEL BATULE, Appellant

No. 05-13-01056-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 195th Judicial District Court of Dallas County, Texas (Tr.Ct.No. F13-40658-N).
Opinion delivered by Justice Moseley, Justices Francis and Lang participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Statute for Offense" is modified to show "62.102 Code of Criminal Procedure."

The section entitled "Plea to 1st Enhancement Paragraph" is modified to show "True."

The section entitled "Findings on 1st Enhancement Paragraph" is modified to show "True."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered February 26, 2014.

/ Jim Moseley/
JIM MOSELEY
JUSTICE