**Affirmed and Opinion Filed February 26, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01038-CR

### LUISO MORALES LIMAS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 6
### Dallas County, Texas
### Trial Court Cause No. F10-72294-X

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Evans
Opinion by Chief Justice Wright

Luiso Morales Limas was convicted of aggravated sexual assault of a child younger than fourteen years. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) (West Supp. 2013). The trial court assessed punishment at twenty years' imprisonment and a $5,000 fine. The trial court's judgment also includes an order that appellant pay $636 in court costs. In a single issue, appellant contends there is insufficient evidence in the record to support the trial court's order that he pay the $636 in court costs. We affirm the trial court's judgment.

Appellant contends the evidence is insufficient to support the trial court's order that he pay $636 in court costs because the clerk's record does not contain a bill of costs. The State

responds that the record contains sufficient evidence to support a portion of the amount of costs assessed by the trial court.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have been accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's record in this case does not contain a copy of the bill of costs. We, however, ordered the Dallas County District Clerk to file a supplemental record containing a certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (allowing supplementation of clerk's record if relevant items have been omitted). Appellant's complaint that the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs is now moot. *See Coronel v. State*, 416 S.W.3d 550, 555 (Tex. App.—Dallas, pet. ref'd); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule his first issue.

In response to the Court's order requiring supplementation of the records, appellant filed an objection that the bill of costs in the supplemental record is not "proper bill[s] of costs" and the bill of costs was not filed in the trial court or brought to the trial court's attention before costs were entered into the judgment. The Court rejected these objections and arguments in *Coronel*. *See Coronel*, 416 S.W.3d at 555–56. We likewise reject them here, and conclude the cost bill contained in the supplemental clerk's record is sufficient to support the assessment of costs in the judgment. *See id*. We overrule all of appellant's objections to the supplemental clerk's record.

We affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
121038F.U05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUISO MORALES LIMAS, Appellant

No. 05-12-01038-CR       V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 6 of Dallas County, Texas (Tr.Ct.No.
F10-72294-X).
Opinion delivered by Chief Justice Wright,
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered February 26, 2014

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE