**Affirmed and Opinion Filed June 17, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01549-CR

**LADALE CUBIT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F11-34970-K**

## OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice FitzGerald

A jury convicted appellant Ladale Cubit of capital murder, and the trial judge sentenced him to imprisonment for life. On appeal, appellant raises five points of error complaining that the trial judge erred by refusing to strike certain veniremembers for cause and by refusing to grant appellant additional peremptory strikes. Appellant also raises one point of error complaining about the assessment of court costs. We affirm.

### I. BACKGROUND

The evidence at trial showed that Mehboob Pirani and his cousin Rahim Merchant were shot to death in Irving, Texas, on July 24, 2011. Circumstantial evidence connected appellant to the shooting, and he was located and arrested. He was indicted for capital murder for the death of Pirani. Appellant pleaded not guilty and was tried before a jury. The jury found appellant

guilty of capital murder. The trial judge then sentenced appellant to life in prison. Appellant timely filed his notice of appeal.

## II. ANALYSIS

### A. Denial of challenges for cause

In his first four points of error, appellant argues that the trial judge erred by denying four of his challenges of veniremembers for cause. He argues that the four veniremembers were biased because they were predisposed to give police officers greater credibility than other witnesses. The State does not dispute that appellant preserved error as to the four unsuccessful challenges for cause.

#### 1. Applicable law

A veniremember is challengeable for cause if he or she cannot impartially judge the credibility of witnesses. *Ladd v. State*, 3 S.W.3d 547, 560 (Tex. Crim. App. 1999); *see also* TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(9) (West 2006) (providing that challenge for cause may be made if potential juror has a bias or prejudice for or against the defendant). This means only that jurors must be open minded and persuadable, with no extreme or absolute positions regarding the credibility of any witness. *Ladd*, 3 S.W.3d at 560. A veniremember's inclination to give certain classes of witnesses a slight edge in terms of credibility does not justify a challenge for cause. *Id*.; *see also Feldman v. State*, 71 S.W.3d 738, 747 (Tex. Crim. App. 2002) (holding that veniremember was not challengeable for cause even though he said he "would 'lean towards' believing an officer over a lay person"); *Jones v. State*, 982 S.W.2d 386, 389 (Tex. Crim. App. 1998) (holding that veniremember "was not challengeable for cause simply because she stated she would be more skeptical of accomplice witnesses than of witnesses generally") (footnote omitted).

We review a trial judge's ruling on a challenge for cause for abuse of discretion. *Ladd*, 3 S.W.3d at 559. We must defer to the trial judge's decision if the record supports it. *Id*. If a veniremember equivocates or vacillates with respect to his or her ability to follow the law, the appellate court must defer to the trial judge's decision. *Id*.

### 2.   Application of the law to the facts

Appellant's first point of error concerns veniremember 12. During general voir dire, she said that she would "tend to start a police officer off . . . at a higher level of credibility just because they are police officers." During individual voir dire, the trial judge asked her some questions, and the following exchanges took place:

| The Judge: | Okay. The question is, can you start off any witness or witnesses at the same level and wait until they have testified to determine if you want to give more credibility or more weight to that person's testimony as to another testimony? Can you do that? |
|---|---|
| Veniremember: | Can I wait after I hear someone else's testimony? |
| The Judge: | Can you wait until you hear everything? |
| Veniremember: | Yes. |
| . . . | |
| The Judge: | Okay. So the question is, can you wait until you hear the evidence, even though you may hold police in higher regard, but can you wait until you hear the evidence until you decide where you place their testimony in relationship to all the testimony in the case, can you do that? |
| Veniremember: | Yes. |

The record shows that veniremember 12 did not take an extreme or absolute position with regard to the credibility of any witness. *See Ladd*, 3 S.W.3d at 560. Although she first said that she would tend to give police officers more credibility than other witnesses, she later said that she could listen to the evidence and then decide how much credibility to give police officers' testimony in relation to testimony from other witnesses. These facts are similar to those in *Huitt*

*v. State*, in which a veniremember first said he would give a police officer more credibility but later said that he could "start everyone on a level playing field." No. 05-06-00632-CR, 2007 WL 1192266, at *3 (Tex. App.—Dallas Apr. 24, 2007, no pet.) (not designated for publication). The trial judge refused to strike the veniremember for cause, and we affirmed based on the equivocal nature of the veniremember's answers. *Id*. at *5. Because veniremember 12's statements in this case were equivocal, we must defer to the trial judge's determination.

Appellant's second point of error concerns veniremember 25. During general voir dire, appellant's counsel asked veniremember 25 if he would tend to think that police officers "are credible and give them more credibility, their testimony more weight." Veniremember 25 replied, "Actually, compared to someone on the street, yes." During individualized questioning, veniremember 25 said, "I've had the privilege of working with good agents and working alongside good police officers, and just like when we were sitting here in this setting today, I— the person next to me had a felony record or something like that, as compared to if I see a police officer, I keep them in a high regard." Soon thereafter, this exchange occurred:

| The Judge: | You don't know if there would be two police officers contradicting one another, and then you are in a dilemma, and so, really, the question is even though you may hold them in higher regard than the average witness, the question is, if their testimony is worthy of no more weight than anybody else's or less than anybody else's, could you make that decision and judge their testimony fairly like along with everybody else, just like any other witness? |
| Veniremember: | Yes, I can. |

Again, the record does not show that the veniremember espoused an extreme or absolute position regarding the credibility of police officers as witnesses. He just said that he would tend to think police officers are more credible than "someone on the street" and that he kept them "in a high regard." The veniremember's answer quoted above indicated that he could judge their testimony "fairly like along with everybody else, just like any other witness." Because the

–4–

veniremember's position was not extreme or absolute, and because the veniremember indicated he could judge the credibility of police officers just like any other witness, the trial judge did not abuse his discretion by refusing to strike veniremember 25 for cause.

Appellant's third point of error concerns veniremember 28. During general voir dire, she said she would tend to start a police officer off at a higher level of credibility simply because he or she was a police officer. During individual questioning, she explained that she would "put them in a higher regard" because "[t]hey take some kind of oath in regard to the honesty of the best of their knowledge." Then the following exchange occurred:

| The Judge: | Okay. So what does that—tell me how that translates into, you are on a jury and police officer comes in here and testifies and you know nothing about him. How does that translate into where you want to start him? |
| Veniremember: | I have to hear the testimony. |
| The Judge: | Okay. Are you going to say that he is a police officer, he took an oath to be a police officer, so I know everything he is saying is the truth, or are you going to listen to what he has to say and size it up according to what it is in relationship to whatever testimony there may be in the case? |
| Veniremember: | Your second answer is what I would do. |

Once again, we conclude that the record does not show that veniremember 28 held an absolute or extreme position regarding the veracity of police officers. During individual questioning, the veniremember said she would have to hear the testimony before deciding where to start a police officer in terms of credibility, and she affirmed that she would weigh a police officer's testimony according to its relationship to the other testimony in the case. Given the equivocal nature of her responses, we defer to the trial judge's determination that she should not be removed for cause.

Appellant's fourth point of error concerns veniremember 46. During general voir dire, veniremember 46 said that she would tend to believe police officers because of the training they

have received in how to collect information. She also said she did not think of police officers "as any other witness." During individual questioning, the judge asked veniremember 46 what she would do if she decided that a police officer witness was mistaken, and she answered that she would not give that testimony any more weight than anybody else's testimony. Then this exchange occurred:

> The Judge: Where you start off is one thing, where you end is up [sic] somewhere else.
>
> Veniremember: That's true.
>
> The Judge: What I need to find out is, is if a police officer testifies and they either don't know what they are talking about, got it all wrong or conflicted with one another, or not any better than any other non-police officer witness, can you judge that fairly and come to a fair conclusion as to the weight to be given to the credibility or weight to be given to their testimony?
>
> Veniremember: Yes, I do. I could do that.

Again, we conclude that the trial judge did not abuse his discretion. Veniremember 46's testimony did not show an extreme or absolute position regarding the credibility of police officers as witnesses. Based on the veniremember's response to the judge's last question, the judge could have reasonably concluded that the veniremember would consider the testimony of a police officer as no better than the testimony of a non-police officer and would judge a police officer's credibility fairly.

We overrule appellant's first four points of error.

## B.     Request for additional peremptory strikes

After the trial judge refused to strike the above-described veniremembers for cause, appellant used four peremptory strikes against those four veniremembers, identified four other objectionable veniremembers, and asked the trial judge for four additional peremptory strikes to use against those other four veniremembers. The trial judge denied the request for additional strikes. In his fifth point of error on appeal, appellant argues that this ruling was erroneous.

Appellant's argument is without merit. We review the trial judge's ruling on appellant's request for additional peremptory strikes for abuse of discretion. *See Cooks v. State*, 844 S.W.2d 697, 717 (Tex. Crim. App. 1992). The denial of such a request is not an abuse of discretion "in the absence of 'wrongdoing' on the part of the trial court." *Id.* "Such wrongdoing may exist if the trial court has improperly overruled a defendant's challenge for cause and the defendant has accordingly used a strike on a juror who is subject to a challenge for cause." *Id.* In this case, appellant's only argument that he was entitled to additional peremptory strikes is that the trial judge erroneously denied his four challenges for cause, thereby preventing appellant from using peremptory strikes on four other veniremembers that he found objectionable. We have already concluded that the trial judge did not err by denying appellant's challenges for cause. Accordingly, we overrule his fifth point of error.

## C. Court costs

In his sixth and final point of error, appellant contends that there is insufficient evidence in the record to support the part of the judgment requiring him to pay $264 in court costs. He bases his contention on the absence of a bill of costs from the clerk's record. After appellant filed his brief, we ordered the district clerk to file a supplemental record containing a proper bill of costs. Appellant then filed an objection to the supplemental clerk's record after it was filed, arguing that the bill of costs contained therein was still insufficient and that it was not before the trial court at the time of judgment.

Appellant's arguments and objections have been addressed and rejected by the court of criminal appeals and by this Court. *See Johnson v. State*, 423 S.W.3d 385, 391–96 (Tex. Crim. App. 2014); *Coronel v. State*, 416 S.W.3d 550, 555–56 (Tex. App.—Dallas 2013, pet. ref'd). We overrule Appellant's Objection to Supplemental Clerk's Record, and we overrule his sixth point of error on appeal.

### III. DISPOSITION

For the foregoing reasons, we affirm the trial court's judgment.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121549F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LADALE CUBIT, Appellant

No. 05-12-01549-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F11-34970-K.
Opinion delivered by Justice FitzGerald.
Justices Fillmore and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 17, 2014

/Kerry P. FitzGerald/

KERRY P. FITZGERALD
JUSTICE